McRAE OIL CORPORATION et al.,
Appellants,

v.

Talmage M. GUY, Appellee.

No. 772.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 2, 1973.

Rehearing Denied May 23, 1973.

Arthur L. Forbes, Houston, for appellants.

V. E. Lanfear, Jr., Green, Kaufman & Lanfear, San Antonio, for appellee.

TUNKS, Chief Justice.

Talmage M. Guy, an attorney, filed suit against McRae Oil Corporation (McRae), C. A. Wood Fabricating Co., Inc. (Wood), which subsequently was renamed Sunny South Oil & Gas, Inc. (Sunny South), and Non-Destructive Test Labs of America, Inc. (Non-Destructive) to recover a judgment for attorney's fees. A jury trial resulted in a judgment against Non-Destructive in the amount of $300 and a judgment against McRae and Sunny South, jointly and severally, in the amount of $16,500 together with $3606.85 accrued interest. The judgment against McRae and Sunny South also awarded the plaintiff $7,000 as attorney's fees for prosecuting his claim, with the provision that if no appeal was taken then the amount of such attorney's fee recovery should be reduced to $5,000. All defendants appealed but the appellants' briefs present no challenge as to the validity of the $300 judgment against Non-Destructive.

The appeal is before this Court without a statement of facts. This is because a motion to extend the time for filing the statement of facts, which was filed by appellants on January 4, 1973, and which was

opposed by appellee, was denied. That motion was later reconsidered on appellants' motion that such be done and has again been reconsidered in connection with the submission of the case. The original ruling based upon appellants' failure to show due diligence in procuring the statement of facts for timely filing is adhered to. The following are the facts evidencing such lack of diligence.

The trial court's judgment was signed on September 26, 1972. The defendants' motion for new trial was filed on October 5, 1972. No amended motion for new trial was filed. Motion for new trial was overruled by order signed on November 6, 1972. Such order recited notice of appeal by defendants. On December 1, 1972, appellants' appeal bond was filed. On December 4, 1972, the defendants filed a supersedeas bond.

In all of the procedural steps listed in the above paragraph the appellants were represented by the trial attorney who had represented them in the trial before the jury. He approved the form of the judgment rendered. He signed the motion for new trial. He approved the form of the order overruling the motion for new trial and giving notice of appeal. He, as attorney for appellants, signed the appeal and supersedeas bonds.

The 60 days within which appellants were required to file the record in this Court ended on January 5, 1973. No request was made to the court reporter that he prepare a statement of facts until January 2, 1973, when he received a letter from a new attorney who represents the defendants on this appeal. That letter bore the date of December 28, 1972. The transcript, which was filed here on January 4, 1973, was not requested until December 29, 1972. Those two actions, the requests for the statement of facts and the transcript, were the first steps taken by appellants' present attorney in representing them in this litigation.

Appellants' present attorney seeks to excuse the delay in ordering the statement of facts upon the ground that at some unspecified date he was employed to handle this appeal, that he is experienced in appellate procedure and the defendants' trial attorney is not so experienced, and that he needed time in which to exercise judgment as to whether he should order a full statement of facts or a partial one and, if a partial one, to decide which parts of the evidence to order. He was ill and confined to a hospital from November 26 through December 3, 1972. He alleged that he did not return to the "full time" practice of law until December 26, 1972.

The basic duty to exercise diligence in the timely procurement of a record for appeal rests on the litigants themselves. If they wish to select a new attorney during one process of perfecting appeal they have, absent some special circumstances, the duty of selecting one who is in position to timely perfect the appeal. An attorney who is not in a position to timely perfect the appeal may not properly accept employment to do so. There is no showing that their present attorney generally represents these parties, that he participated in the affairs out of which this suit grew or that there is any other reason why he is particularly qualified to handle this appeal. Appellants did not discharge their duty of diligence by selecting at some time during the process of perfecting appeal a new lawyer who would require such a length of time in studying the case that the appeal would necessarily be delayed. Having selected a lawyer to represent them, the defendants should have assumed that an appeal might result and they may not delay that appeal by a belated selection of another lawyer. The court reporter on November 6, 1972, the day the motion for new trial was overruled, told the defendants' lawyer that he could have the statement of facts ready for timely filing if it was then requested. The delay thereafter until January 2, 1973, in communicating such request to the reporter was wholly unreasonable and showed lack of diligence. Appellate courts are reluctant to deny an

appellant an opportunity to make a full presentation of the case on appeal, but there are limits to such courts' discretion and credulity. Our denial of the appellants' motion to extend time for filing the statement of facts is sustained by the authority of Patterson v. Hall, 430 S.W.2d 483 (Tex.Sup.1968). See also Reynolds, Texas Rules of Civil Procedure 385 and 386: Whether to Extend the Definitive Time for Filing the Appellate Record, 4 Texas Tech L.Rev. 1 (1972).

The motion for new trial filed by defendants states 24 grounds. All but one of those grounds relate to alleged error of the trial court in admitting or excluding evidence or to alleged lack of legally or factually sufficient evidence to support the jury's verdict. The other ground relates to the refusal to submit an unidentified special instruction to the jury and no point of error in appellants' brief is germane to that point.

■ Obviously, we cannot hold that the trial court erred in admitting or excluding evidence without either a statement of facts or bills of exception.

■ The trial court submitted without objection the following special issues:

### "SPECIAL ISSUE NO. ONE

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence, is owing by the Defendants to the Plaintiff for legal services rendered from July 19, 1967, to March 27, 1968, if any?

To which the jury answered, '$16,500.00.'

### SPECIAL ISSUE NO. TWO

Do you find from a preponderance of the evidence that Talmage M. Guy relied, for the payment of his reasonable attorney's fees, if any, on the representation of McRae Oil Corporation that it would immediately undertake to obtain sufficient financing for C. A. Wood Fabricating Company to enable it to perform pending contracts and for its current obligations and operating expenses?

To which the jury answered, 'We do'.

. . . . . .

### SPECIAL ISSUE NO. SIX

Do you find from a preponderance of the evidence that McRae Oil Corporation assumed any responsibility for the accounts payable of the C. A. Wood Fabricating Company, Inc.?

To which the jury answered, *We do'."* The rest of the charge, special issues 3, 4 and 5, relates to attorney's fees incurred by the plaintiff in the trial of this case. The jury's findings, together with deemed findings referable thereto, support the trial court's judgment. The evidentiary support for those specific and deemed findings may not successfully be challenged without a statement of facts. Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600 (1953).

■ The appellants concede that without a statement of facts the findings may not be challenged as related to the liability of Sunny South. They contend, however, that the record shows that there was no evidence supporting those findings as a basis for liability of McRae. They argue that plaintiff's trial pleadings show that the only contract to perform services that plaintiff made was with Sunny South, that this constitutes a judicial admission and that the plaintiff was thereby prohibited from offering any evidence of a contract with McRae. There are several possible constructions of plaintiff's trial pleadings that rebut that argument. For example, plaintiff pleaded in the alternative that he was a third party beneficiary of an agreement between McRae and Wood to the effect that McRae would pay Wood's liabilities, including the claim of plaintiff. In the absence of any record of the evidence we must presume, consistent with the judgment, that the evidence showed such an agreement between McRae and Wood and that plaintiff was a third party beneficiary under its terms. Carnes Corporation v.

Thermal Supply Inc., 359 S.W.2d 99 (Tex. Civ.App.—Houston 1962, no writ).

Appellants present points of error to the effect that this record shows fundamental error in that it shows the judgment against McRae to be based on an oral contract to pay Sunny South's debt, in violation of the statute of frauds, Tex.Bus. & Comm.Code Ann. sec. 26.01 (1968), V. T.C.A. Those points are overruled for several reasons. The record does not show whether the promise by McRae was oral or written. McRae did not plead the statute of frauds as a defense as required by Texas Rules of Civil Procedure 94. The alleged error was not the subject of any ground in defendants' motion for new trial. The error, if any, would not be fundamental error. Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979 (1947).

Other points of error in appellants' briefs were not the subjects of grounds in the defendants' motion for new trial and, for that reason, are not properly presented for this Court's consideration. Tex.R.Civ. P. 324.

The judgment of the trial court is affirmed.

COULSON, J., nor participating.