**James V. CARRAO and Consumer Rights Council, Inc., Appellants,**

v.

**COMMITTEE OF the UNAUTHORIZED PRACTICE OF LAW, STATE BAR OF TEXAS, Appellee.**

No. 05-82-00271-CV.

Court of Appeals of Texas, Dallas.

July 26, 1982.

Tom S. McCorkle, McCorkle, Westerburg & Felton, Dallas, for appellants.

Bertran T. Bader III, Bader & Cox, Dallas, for appellee.

Before GUITTARD, C.J., and SPARLING and VANCE, JJ.

GUITTARD, Chief Justice.

We affirm this judgment on the ground that we have no authority to consider a late-filed statement of facts, notwithstanding the amendment to rule 386 of the Texas Rules of Civil Procedure which took effect on January 1, 1981.

In this case the sixty-day period provided by rule 386 for filing a record expired on March 28, 1982. No statement of facts was filed by that date, although the transcript had been filed earlier. No motion to extend the time for filing the statement of facts was filed within the fifteen days prescribed by rule 21c of the Texas Rules of Civil Procedure. Appellant filed such a motion on April 27, but it was opposed, and the extension was denied. On May 21 appellant filed a motion for rehearing of the denial of his motion to extend, and, at the same time, tendered the statement of facts to the clerk. Appellee's counsel responded by a letter stating that appellee had no objection to the late filing if the statement of facts was then ready. Appellee also asserted that the statement of facts would be beneficial to it by showing additional matters supporting the judgment. In view of this letter, and following our opinion in *Wallace v. Texas Employers Ins. Ass'n,* 624 S.W.2d 268 (Tex. App.—Dallas 1981, no writ), we granted the motion for rehearing and permitted the statement of facts to be filed.

On June 2, 1982, the Supreme Court issued its opinion in the *B.D. Click Co. v. Safari Drilling Corp.,* 25 Tex.Sup.Ct.J. 346, 638 S.W.2d 860 (Tex.1982), resolving the apparent conflict between rule 21c, rule 437 and rule 386, as amended effective January 1, 1981. The Supreme Court held that rules 21c and 437 are mandatory and that the court of civil appeals had no authority to consider a motion to extend filed more than fifteen days after the due date. Appellee in this case then filed a motion to dismiss the appeal or affirm on the ground that under the *Click* ruling, this court has no authority to consider the statement of facts.

We sustain appellee's motion. If we have no authority under the rules to consider a late motion to extend the time for filing the record, the same rules deny us authority to consider a motion for rehearing of a late motion. Consequently, our order granting the motion for rehearing was erroneous and must now be set aside.

■ Our authority in this respect is not affected by appellee's letter in response to the motion for rehearing stating that it had no objection to the late filing. Since the court has no authority to consider the late motion, such lack of authority is not a matter that can be waived by lack of objection.

Notwithstanding the *Click* opinion, it is arguable that effect can still be given to the provision of amended rule 386 that failure to file the statement of facts within the time prescribed "shall not affect the jurisdiction of the court or its authority to consider material filed late." It may be contended that although rule 21c is mandatory in the sense that no motion to extend may be considered over the appellee's objection, this provision of rule 386 may be interpreted to permit the court to consider a late-filed statement of facts if no objection is made. This interpretation would not only "make available to the appellate court additional remedies, when the record is not timely filed," as *Click* points out, but would also permit the court to consider a late-filed statement of facts when a transcript has been timely filed and no objection is made to the delay in filing of the statement of facts.

We conclude that this interpretation is not permissible under *Click.* Although this exact question was not before the Supreme Court in *Click,* the implication of that opinion is clear. The Supreme Court has held that rules 21c and 437 "mean exactly what they say," and prevail over any apparently conflicting language in rule 386. Consequently, by implication, the amendment to rule 386 only provides additional remedies if the time requirement is not met and no motion is filed under rule 21c. Among these remedies are "affirming the judgment appealed from, disregarding materials filed late, or applying presumptions against the appellant." These remedies may be applied to a late-filed statement of facts, and we construe *Click* as requiring us to apply one or more of them here.

■ After considering appellant's brief, we conclude that our only permissible course is to affirm. Some of the points

complain that there is no evidence to support the trial court's order. In the absence of a statement of facts, we must presume that the evidence is sufficient. *DeLeon v. Otis Elevator Co.,* 610 S.W.2d 179, 182 (Tex. Civ. App.—San Antonio 1980, writ ref'd n.r. e.); *see Englander Co. v. Kennedy,* 428 S.W.2d 806, 806 (Tex. 1968); *First National Bank v. Johnson,* 608 S.W.2d 834, 835 (Tex. Civ. App.—Waco 1980, no writ). Other points complain of the lack of jury findings supporting certain parts of the order. In the absence of a statement of facts we must presume that no jury finding was necessary because the necessary facts were established as a matter of law by uncontroverted evidence. *Cheney v. Parks,* 605 S.W.2d 640, 642 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Consequently, nothing is presented for review.

Our order granting the extension is set aside and the judgment is affirmed.