Betty **GARRITY**, Appellant,

v.

**HOLIDAY INNS, INC.,** Appellee.

No. 07–83–0318–CV.

Court of Appeals of Texas, Amarillo.

Feb. 7, 1984.

Rehearing Denied February 28, 1984.

Jay U. Kirkman, Amarillo, for appellant.

Richard H. Thamer, Gibson, Ochsner & Adkins, Amarillo, for appellee.

PER CURIAM.

Betty Garrity, appealing from a take-nothing judgment rendered after a jury trial on her action to recover unpaid wages from Holiday Inns, Inc., has filed a motion for an extension of time to file a late tendered transcript. The motion, opposed by Holiday Inns, Inc. which requests a dismissal of the appeal, was not timely filed. This Court is without authority to consider either the late filed motion or the late tendered transcript and, consequently, the appeal will be dismissed.

The judgment was signed on 30 August 1983. Ms. Garrity timely filed a motion for new trial, which was heard and overruled by the trial court. She then filed her affidavit to proceed in forma pauperis, an extension of time for the two-day late filing of which was applied for to, and granted by, this Court pursuant to Rule 356(b).[1] A timely contest to the affidavit was sustained on 19 December 1983. Thereafter on 29 December 1983, Ms. Garrity filed a cost bond timely, Rule 356(b), thereby perfecting her appeal, Rule 363, and invoking the jurisdiction of this Court over the appeal. *Ex parte Boniface*, 650 S.W.2d 776, 777–78 (Tex.1983).

Because a motion for new trial was timely filed, the appellate record[2] was due to be filed in this Court within one hundred days after the judgment was signed, Rule 386, unless an extension of time for late filing is authorized upon the granting of a motion, filed not later than fifteen days after the last day of the one-hundred-day period and

---

1. All references to rules are to the Texas Rules of Civil Procedure.

2. "The record on appeal shall consist of a transcript and, where necessary to the appeal, a statement of facts." Tex.R.Civ.Pro. 371.

reasonably explaining the need for an extension of time. Rule 21c. Hence, since the judgment was signed on 30 August 1983, the appellate record was due to be filed not later than 8 December 1983, absent the timely filing and granting of a Rule 21c motion.

On 8 December 1983, Ms. Garrity, correctly reciting that date as the filing date for the statement of facts under Rule 386, filed her motion for an extension of time only for the late filing of the statement of facts, which she asserted was necessary to her appeal. The motion was granted, extending the time to 6 February 1984 for filing the statement of facts.

On 5 January 1984, Ms. Garrity tendered the transcript for filing. However, since it was tendered twenty-eight days after the Rule 386 due date without a motion for an extension of time having been timely filed under Rule 21c, it was not filed and Ms. Garrity was notified why it was unfiled. Rule 389.

In reply to the notification, Ms. Garrity filed, on 6 January 1984, her motion to extend the time for filing the transcript. Holiday Inns, Inc. joined the issue, taking the position that the Rule 21c time limit for seeking an extension of time for late filing of the transcript is mandatory, that absent a timely filed Rule 21c motion, the transcript was required to be filed by 8 December 1983, and that, as a result, this Court has no authority to act on the late filed motion or to accept the late tendered transcript, but must dismiss the appeal.

Responding to this Court's Rule 387(b) notification to show cause why the motion to dismiss should not be granted, Ms. Garrity, conceding that she did not move for an extension of time to file the transcript in accordance with the rules, nevertheless contends that this Court has the discretion to allow its late filing. Her contention is, in essence, that because her affidavit was contested, the clerk could not, in compliance with Rule 376, begin preparation of, or prepare, the transcript within the Rule 386 time limit for filing it, and this Court, in its discretion, may allow the late filing since

Rule 386 provides that the failure to file the transcript or the statement of facts shall not affect the jurisdiction of the appellate court or its authority to consider material filed late. The response does not show grounds for continuing the appeal.

██ In an appeal from a judgment rendered on the merits, the appellate record must be filed within the certain time frames of Rule 386, *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860, 861 (Tex. 1982), with only one exception: the time frames may be extended upon motion filed within fifteen days of the last day specified for filing. Rule 21c. The fifteen-day time limit is mandatory, *Meshwert v. Meshwert,* 549 S.W.2d 383, 384 (Tex.1977); hence, there is no other grace period and, once the fifteen-day period has expired without a motion being filed, the applicable time frame prescribed by Rule 386 for filing the record controls. Resultantly, the appellate court has no authority to consider an extension motion filed after the fifteen-day time limit of Rule 21c, *B.D. Click Co. v. Safari Drilling Corp., supra,* at 862, or to grant leave to file the late tendered appellate record. *Meshwert v. Meshwert, supra.* A fortiori this Court cannot consider the late tendered transcript notwithstanding the contradictory language in Rule 386. *Accord, Carrao v. Committee of Unauthorized Practice,* 638 S.W.2d 183, 184 (Tex.App.—Dallas 1982, no writ).

This lack of authority is further manifested by the amendment of Rule 386, to become effective 1 April 1984, to conform to *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex.1982). By the amendment, there is deleted the current provision that late filing shall not affect the court's authority to consider material filed late, and there is added this proviso: "The court shall have no authority to consider a late filed transcript or statement of facts, except as permitted by Rule 21c." *See* Rule 386, 660 S.W.2d XCVI.

██ It follows that, contrary to Ms. Garrity's assertion, this Court neither has the discretion nor the authority to allow the

late filing of the transcript even though, in her view, the procedural dilemma posed by the contest of her affidavit prevented the clerk from preparing the transcript, under the authorization of Rule 376, until after the expiration of the time for its filing in this Court. A procedural dilemma, if there be one, does not alter the uniform practice of timely seeking an extension of time as soon as it appears, even before the filing date for the appellate record, that one is essential. Ms. Garrity recognized this when she timely applied for, and was granted, an extension of time to file the statement of facts.

Inherent in what has been written is the declination of Ms. Garrity's request to affirmatively hold that, or alternatively to certify to the Supreme Court the question whether, Rules 386 and 21c are in direct conflict with Rule 376. Rule 376 serves to direct the clerk of the trial court when to begin preparation of the transcript, what to include in it, and where to transmit it; the rule does not address, nor purport to fix, the time limits for filing the transcript, which are controlled by Rules 386 and 21c in this cause. The latter two rules complement, rather than conflict with, each other, and it is settled that Rule 386 is not in conflict with any other of the appellate procedural rules, which include Rule 376. *B.D. Click Co. v. Safari Drilling Corp., supra.*

Rule 386 provides that the failure to file the transcript shall be ground for dismissing the appeal. The rule also operates to require a dismissal of the appeal when the transcript, albeit tendered, is tendered beyond the rule's time limit in connection with an extension motion which the appellate court has no authority to consider or grant. *Pollard v. American Hosp. & Life Ins. Co.,* 472 S.W.2d 116 (Tex.1971); *B.D. Click Co., Inc. v. Safari Drilling Corp.,* 625 S.W.2d 364 (Tex.Civ.App.—Eastland 1981, *aff'd* 638 S.W.2d 860 (Tex.1982).

Accordingly, Ms. Garrity's motion for an extension of time to file the late tendered transcript is overruled, Holiday Inns, Inc.'s motion to dismiss the appeal is granted, and the appeal is dismissed.