**Heidi Lynn HOWELL, Appellant,**

v.

**DALLAS COUNTY CHILD WELFARE UNIT, Appellee.**

No. 05–85–00714–CV.

Court of Appeals of Texas, Dallas.

April 25, 1986.

Rehearing Denied May 29, 1986.

J. Thomas Sullivan, Dallas, for appellant.

Maridell Templeton, Mechthild Bernhard, Dallas, for appellee.

Before VANCE, DEVANY and SCALES, JJ.

SCALES, Justice.

This appeal concerns the post-judgment timetable for filing a motion to extend time to file a statement of facts in the appellate court. Appellant, Heidi Lynn Howell, contends that this Court's order denying her motion to extend time to file the statement of facts deprives her of an effective appeal in this Court and denies her equal protection and due process under the fourteenth amendment of the United States Constitution. We disagree with Howell's contentions and affirm the judgment of the trial court.

Howell appeals from the trial court's judgment in a suit brought by appellee, Dallas County Child Welfare Unit ("Child Welfare"). The judgment terminated Howell's parental rights to her child. The judgment was signed on May 10, 1985. No motion for new trial was filed. On June 10, Howell timely filed an affidavit of inability to pay the costs of appeal in this Court, and requested the trial court allow her to proceed *in forma pauperis.* On the same day, the district clerk filed a contest to Howell's motion. The trial court held a hearing and overruled the district clerk's contest on June 19. Child Welfare moved for reconsideration of the motion on June 20, and on July 19, the trial court again held a hearing and again overruled the contest, granting Howell leave to proceed *in forma pauperis* on appeal.[1] On July 31, Howell filed a motion to extend time for filing the statement of facts in this Court, pursuant to rule 21c of the Texas Rules of Civil Procedure.[2] This Court initially denied Howell's motion without prejudice and denied all of Howell's subsequent motions to extend time.

To be considered as part of the appellate record, a statement of facts must be filed within 60 days of the date the final judg-ment is signed, where no motion for new trial is filed. Rule 386. In order to enlarge this time period, a motion to extend time must be filed in this Court within 15 days of the last date for filing the statement of facts. Rule 21c. Thus, a motion to extend time must be filed within 75 days of the date that the judgment was signed. Rules 386, 21c. In this case, the time for filing the statement of facts expired on July 9, and the time for filing a motion to extend time expired on July 24. Howell filed her motion on July 31. Thus, Howell's motion was not timely filed, and this Court properly denied her motions. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982).

In her first point of error, Howell asserts that this Court's order denying her motion to extend time deprives Howell of a record on appeal and requires reversal of the trial court's termination order for three reasons. First, Howell contends that the *Click* case does not apply here because she is proceeding *in forma pauperis.* Howell contends that because a pauper's right to a free statement of facts is governed by rule 380, which does not state a time limit for filing the statement of facts, we should construe the time limits prescribed in rules 386 and 21c as running from the date that the trial court rules on the pauper's oath contest, rather than from the date the judgment is signed. Second, Howell argues that Child Welfare improperly requested a second hearing on the pauper's oath contest because rule 355(e) requires the trial court to rule on the pauper's oath contest within 10 days of the filing of the contest. Third, Howell argues that her trial counsel did not receive notice of entry of the judgment until June 2, and that, erroneously relying on rule 306a(4), trial counsel believed that the statement of facts was due in this Court on August 1, 60 days after counsel received actual notice of the entry of judg-

---

1. The record does not contain the trial court's orders after the hearings, nor does the record reflect the dates that the hearings were held. Both Howell and Child Welfare recite in their briefs that the hearings were held and the contests overruled on June 19 and July 19.

2. All references to rules are to the Texas Rules of Civil Procedure.

ment. This misplaced reliance on rule 306a, Howell argues, provides a reasonable explanation for Howell's "apparent noncompliance" with rule 21c.

The 15-day time limit set out in rule 21c for filing a motion to extend time to file a statement of facts is mandatory. *Click*, 638 S.W.2d at 860; *Carrao v. Committee of the Unauthorized Practice of Law, State Bar of Texas*, 638 S.W.2d 183, 184 (Tex.App.—Dallas 1982, no writ). In *Click*, the Texas Supreme Court held that an appellate court does not have discretion to consider a record tendered later than the rule 386 time limit, absent a timely motion to extend time. In *Trans-Continental Properties, Ltd, v. Taylor*, 29 Tex.Sup.Ct.J. 294 (Mar. 26, 1986) (per curiam), the Court stated: "The courts of appeals have no authority to consider a late filed 21c motion." *Id.* As amended effective April 1, 1984, rule 386 provides: "The court shall have no authority to consider a late filed transcript or statement of facts, except as permitted by rule 21c." *See Tonahill v. Southwest Automated Tickets Service*, 683 S.W.2d 753, 754 (Tex.App.—Houston [14th Dist.] 1984, no writ) (sentence added to Rule 386 merely restates the *Click* holding). This Court has construed the *Click* decision as denying us jurisdiction to entertain an untimely filed motion to extend time. *See Beatty v. Martin*, 690 S.W.2d 94, 95 (Tex.App.—Dallas 1985, no writ).

█ In answer to Howell's first contention, the Texas Supreme Court has held that the time limits for filing the appellate record, set out in rules 386 and 21c, do not conflict "with any other of the appellate procedural rules." *Click*, 638 S.W.2d at 862. The pauper's right to a free statement of facts on appeal does not alleviate the pauper's responsibilities of moving forward in the appealing process or of complying with other requirements of appeal prescribed in the rules of civil procedure. Nor does the pauper's status excuse Howell from complying with the time limits for appeal. Although Howell could not request the court reporter to prepare the

statement of facts until the contest was overruled under rule 380, *Loflin v. Weiss*, 605 S.W.2d 377, 379–380 (Tex.Civ.App.—Amarillo 1980, no writ); *see Wallace v. Texas Employers' Insurance Association*, 624 S.W.2d 268, 271 (Tex.App.—Dallas 1981, no writ), *overruled on other grounds, B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982), this Court has held that the failure to request the court reporter to prepare the statement of facts within the rule 386 deadline does not require us to overrule a motion to extend time, where that motion is timely filed and reasonably explains the delay. *Monk v. Dallas Brake and Clutch Service Co.*, 683 S.W.2d 107, 108 (Tex.App.—Dallas 1984, no writ); *see Adams v. H.R. Management and La Plaza, Ltd.*, 696 S.W.2d 256 (Tex.App.—San Antonio 1985, no writ). Here, however, Howell did not timely file her motion to extend time for filing the statement of facts in this Court.

Moreover, Howell was free to file her motion to extend time even before the statement of facts was due in this court. *Best Real Estate, Inc. v. Investors International, Inc.*, 691 S.W.2d 751 (Tex.App.—El Paso 1985, no writ); *Garrity v. Holiday Inns, Inc.*, 664 S.W.2d 854, 857 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.) (although contest to pauper's affidavit prevented clerk from preparing transcript until after hearing, pauper still required to timely seek an extension of time even if before the filing date for the appellate record). We hold that the time limits set out in rules 386 and 21c operate independently of those rules governing the pauper's affidavit contest and the pauper's right to a free statement of facts. *See Click*, 638 S.W.2d at 862; *Garrity*, 664 S.W.2d at 857.

█ In answer to Howell's second argument, Howell is correct that rule 355(e) requires the trial court to rule on a pauper's oath contest within 10 days of the filing of the contest. *Alvarez v. Penfold*, 699 S.W.2d 619, 620 (Tex.App.—Dallas 1985, original proceeding); *Beatty v. Martin*, 690 S.W.2d 94 (Tex.App.—Dallas 1985, no writ); *Cronen v. Chambers*, 697 S.W.2d

848 (Tex.App.—Houston [1st Dist.] 1985, no writ). In *Beatty* and *Cronen*, the trial courts sustained the pauper's oath contest after the 10-day period had expired and the contest had been overruled by operation of law under rule 355(e). In this case, however, Howell was not harmed by the fact that a second hearing was held, because the trial court again overruled that contest. Howell's argument is that the second hearing caused a delay which contributed to the inability to timely file her rule 21c motion in this Court. We must disagree with this contention. The deadline for filing a rule 21c motion had not expired when the pauper's contest was again overruled on July 19, and, as we have stated, Howell was free to file her motion even before the pauper's contest was overruled. Howell's duty to timely file her rule 21c motion was independent of the postjudgment, pauper's contest proceedings in the trial court. *See Garrity*, 664 S.W.2d at 857. We reiterate that the time limits set out in rules 386 and 21c do not conflict "with any other of the appellate procedural rules." *Click*, 638 S.W.2d at 862.

▮ Third, Howell argues that her trial counsel did not receive notice of the judgment until June 2 and that, relying on rule 306a(4), she believed the statement of facts was due in this Court on August 1. We note that *if* Howell had requested a hearing in the trial court to establish that she did not receive notice of the judgment until June 2, as required by rule 306a(5), the time periods for filing the record and the motion to extend time might have begun to run on June 2, and Howell's motion to extend time would have been timely. Rule 306a(4). Howell did not make the proof in the trial court as required by paragraph (5), however, and therefore she cannot extend the time periods under paragraph (4). *Olvera v. Olvera*, 705 S.W.2d 283 (Tex.App.—San Antonio, 1986, no writ) (on rehearing). Moreover, the motion to extend time must be timely filed in this Court before we may consider whether the motion reasonably explains the delay for filing the statement of facts. *Best Real Estate*, 691 S.W.2d at 752; *see Monk*, 683

S.W.2d at 108–09. Because Howell's motion was not timely, we do not reach the question of whether Howell's misplaced reliance on rule 306a(4) reasonably explains the delay in filing the statement of facts.

The *Click* decision mandates that we have no discretion to consider an untimely rule 21c motion. This rule has been applied where, as here, the time period for filing the appellate record expires before the hearing on the pauper's oath contest. *See Garrity*, 664 S.W.2d at 854 (the "procedural dilemma," presented by the contest being heard after the due date for filing the record, "does not alter the uniform practice of timely seeking an extension of time" even before the filing date for the appellate record); *see also Click*, 638 S.W.2d at 861–62 (expressly disapproving *Wallace*, 624 S.W.2d 268, in which it was held that where time to file record expired before pauper's contest was overruled, court of appeals had discretion to consider untimely filed rule 21c motion). Thus, even though Howell's motion to proceed *in forma pauperis* was still pending before the trial court when the deadline for filing the statement of facts in this Court expired, she was under a duty to timely file a motion for extension of time to file the statement of facts. Since she failed to do so, this Court is without jurisdiction to extend the time for filing. We recognize that this is a harsh result, unrelated to the merits of the appeal. Unless and until the rules of civil procedure are amended, however, this is the result mandated by our supreme court's ruling in *Click*. Howell's first point of error is overruled.

In her second point of error, Howell argues that "the action of the Court of Appeals in denying appellant a statement of facts in this cause" on appeal deprives her of equal protection and due process of law under the fourteenth amendment of the United States Constitution. Howell contends that her inability to timely file the statement of facts is due to her indigence and that, because she was forced to rely on filing a pauper's oath in order to appeal and she was forced to prevail in two hear-

ings, this Court's denial of her rule 21c motion deprives her of her right to appeal and unconstitutionally discriminates against an indigent litigant.

The Texas Supreme Court has recognized that the involuntary termination of parental rights involves fundamental constitutional rights. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex.1985); *In re G.M.*, 596 S.W.2d 846, 846 (Tex.1980). Significantly, the legislature has also recognized the profound rights involved when the state undertakes proceedings to terminate parental rights and has sought to embody safeguards in its system. For example, while not required to do so by the United States Constitution, *Lassiter v. Department of Social Services of Durham County, North Carolina*, 452 U.S. 18, 31–32, 101 S.Ct. 2153, 2161–2162, 68 L.Ed.2d 640 (1981), the Texas Family Code provides that an attorney ad litem may be appointed to represent indigent parents faced with termination of their rights. TEX.FAM.CODE ANN. § 11.10(d) (Vernon Supp.1986). In addition, a free statement of facts may be made available on appeal to indigents. TEX. FAM.CODE ANN. § 11.191 (Vernon Supp. 1986). These provisions serve to protect the interests of indigent parents facing termination proceedings.

■ Howell, however, although provided these privileges at trial, would have us hold that due process and equal protection require that the procedural time limits for filing the statement of facts be waived. We cannot agree. A party proceeding *in forma pauperis* must abide by the rules of procedure governing the courts of this State. *Williams v. Capitol City Mutual Fire Ins. Co.*, 594 S.W.2d 558, 559 (Tex.Civ. App.—Fort Worth 1980, no writ). Moreover, even if a constitutional right to a free statement of facts exists, and we emphasize that we do not hold that such a right exists in proceedings to terminate parental rights, it can be waived by the failure to timely file the statement of facts. In *Hoagland v. State*, 541 S.W.2d 442 (Tex. Crim.App.1976), the Court of Criminal Appeals, in holding that the trial court did not

err in denying the appellant's motion to extend time for filing the statement of facts, stated "the right of an indigent appellant to a free statement of facts is independent of the requirement that a statement of facts, free or otherwise, be requested at the appropriate stage of the appellate process. If that requirement not be met, the right to have it included in the record is waived." *Id.* at 443; *see also Hernandez v. State*, 670 S.W.2d 686 (Tex. App.—Amarillo 1984, no pet.). This is particularly true where, as here, neither Howell's status as a pauper nor her status as a parent faced with termination of her parental rights caused the untimely filing of the motion to extend time for filing the statement of facts. *Cf. Garrity*, 664 S.W.2d at 857. Once the trial court, on July 19, overruled the contest to Howell's affidavit of inability to pay, Howell was in the position of any other litigant in any other civil proceeding. The basic duty to exercise diligence in the timely procurement of a record for appeal rests on the litigant himself. *McRae Oil Corp. v. Guy*, 495 S.W.2d 31, 33 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.). Had Howell filed her motion to extend time before the July 24 deadline, the statement of facts could properly be before us. Her failure to file the motion was not due to any infirmity in the procedural process and was certainly not due to any constitutional infirmity.

■ Howell, however, further argues that because the standard of proof to be met by the State was that of "clear and convincing" evidence, her rights may not be impeded by the negligence of her counsel. In support of this argument, Howell cites *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), in which the Supreme Court held that a criminal defendant was denied effective assistance of counsel when his attorney failed to take the procedural steps necessary to perfect his appeal. Such a holding has no application to the present case, since it is based on the right to effective assistance of counsel in criminal actions provided by the sixth amendment of the United States Constitu-

tion and applied to the states through the due process clause of the fourteenth amendment. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In the absence of a similar constitutional right to assistance of counsel in termination of parental rights proceedings, *Lassiter*, 452 U.S. at 31–34, 101 S.Ct. at 2161–2163, we decline to extend the holding of *Evitts* to the present case. A civil proceeding, even one involving a higher degree of proof than that ordinarily required, is not to be treated as a criminal case with all the procedural requirements of a criminal hearing strictly applicable. *N.W. v. State*, 678 S.W.2d 158, 160 (Tex.App.—Beaumont 1984, no writ) (mental commitment proceeding where clear and convincing evidence is the degree of proof required). Accordingly, we hold that the denial of Howell's untimely motion to extend time for filing the statement of facts did not deny Howell due process or equal protection. We overrule Howell's second point of error.

Because Howell's two points of error do not complain of the trial court's judgment, we affirm the judgment of the trial court.