NUMBER 13-00-376-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


EDUARDO "EDDIE" GALLEGOS , Appellant,


v.


JAMES P. GARCIA , Appellee.

___________________________________________________________________


On appeal from the 197th District Court

of Cameron County, Texas.

____________________________________________________________________


Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Castillo


Appellee James P. Garcia sued appellant, Eduardo "Eddie" Gallegos, for damages arising out of an assault. Appellant and
his co-defendant to the assault were represented by the same attorney, Fred Galindo, who was retained to represent them in
the civil proceedings. (1) Galindo eventually filed a motion to withdraw from appellant's representation in the civil case,
citing lack of contact with his client and also claiming that he, the lawyer, had become a fact witness in the case due to
alleged illegal conduct by Garcia's lawyer. Galindo also had a major heart attack while his motion to withdraw was
pending. The trial judge allowed the withdrawal on August 27, 1999. On September 1, 1999, appellant appeared before
the judge and expressed concern because a summary judgment motion was pending against him and he no longer had an
attorney. The judge then granted appellant forty-five days to hire a new attorney and file a response. 

On September 17, 1999, appellant's current counsel, Carlos Cisneros, appeared in court and said that appellant was stuck in
Monterrey but needed more time to hire a lawyer. Cisneros said that he did not represent appellant but that they were
talking about appellant hiring him. Despite several hearings, appellant never hired a lawyer even though he was told a
summary judgment on liability was pending. The summary judgment was eventually granted. Later, a hearing was held
where both liability and damages were determined. Appellant failed to appear at that hearing, no counsel appeared for him,
and final judgment was entered against him. Appellant then hired Cisneros to file a motion for new trial and motion to set
aside judgment, in which appellant claimed that he thought Galindo was taking care of the case and for that reason, he had
done nothing. The judge denied both motions. 

Appellant raises two issues on appeal. In his first issue, he complains of the trial court's action in allowing his trial
attorney, Galindo, to withdraw from the case. In his second issue, he complains of the trial court's failure to detect an
alleged conflict of interest and allowing Galindo to continue to represent him in the case, (2) which "rendered [appellant's]
defense ineffective."

We first note that appellant failed to present either complaint to the trial court. Appellant never objected to the trial court's
action or lack of action relative to his trial attorney at any time. In short, appellant first raised these complaints in his brief
on appeal. In order to preserve a complaint for appellate review, a party must present to the trial court a timely request,
objection or motion, state the specific grounds therefor, and obtain a ruling or object to a refusal to rule. Tex. R. App. P.
33.1(a); Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). Failure to do so waives the issue on appeal. 
Lemons v. EMW Mfg. Co., 747 S.W.2d 372, 373 (Tex. 1988).

Appellant did file a motion for new trial and a motion to set aside judgment, but neither motion was predicated on the
complaints now raised on appeal. It is well settled that grounds supporting an objection made during trial must conform
with the argument supporting the corresponding point of error on appeal, and an objection made during trial which is not
the same as an argument urged on appeal presents nothing for appellate review. Borden, Inc. v. Guerra, 860 S.W.2d 515,
525 (Tex. App. -- Corpus Christi 1993, writ dism'd by agr.). Thus we may address neither of appellant's issues now on
appeal.

We also observe in regard to appellant's first argument under his second issue, that attorney conflicts- of-interest in civil
cases are governed by the Texas Disciplinary Rules of Professional Conduct, and complaints based on violations of those
Rules are waived if not timely raised before the trial court. Arteaga v. Tex. Dep't of Protective & Regulatory Servs., 924
S.W.2d 756, 762-63 (Tex. App -- Austin 1996, writ denied)(citing Vaughan v. Walther, 875 S.W.2d 690, 691 (Tex.
1994)). Appellant made no complaint to the trial court of any violation of the Texas Disciplinary Rules of Professional
Conduct in reference to any perceived conflict of interest by his attorney (3) or any other issue related to his attorney and
thus waived consideration of this point on appeal. Furthermore, we note in reference to the second argument under his
second issue -- his complaint of ineffective assistance of counsel -- that the right to effective assistance of counsel is rooted
in the Sixth Amendment of the United States Constitution and hence applies only to criminal cases or quasi-criminal cases
such as juvenile proceedings. Howell v. Dallas County Child Welfare Unit, 710 S.W.2d 729, 735-736 (Tex. App. -- Dallas
1986, writ ref'd n.r.e.). Appellant presents no authority, and we are unaware of any, to support his contention that the
doctrine of ineffective assistance of counsel should be extended to a purely civil matter. 

Appellant has failed to preserve any of his issues for appeal and has waived any complaints to the trial court's actions or
inactions. Tex. R. App. P. 33.1(a). Both issues are therefore overruled and the decision of the trial court is affirmed.



ERRLINDA CASTILLO

Justice


Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 9th day of August, 2001.

1. A separate criminal prosecution was pursued on the same assault by the district attorney and Galindo also represented
both appellant and his co-defendant in the criminal cases.

2. Appellant presumably complains of the time Galindo represented him prior to the time at which he was allowed to
withdraw.

3. Appellant, of course, could have always relieved himself of representation by his allegedly conflicted attorney by merely
firing him. We also note that removal of the attorney from the case is the usual remedy when a complaint is made to a trial
court of an attorney with a conflict of interest. This was effectively done in the present case by the grant of the motion to
withdraw. Paradoxically, while appellant received all the relief he would have been entitled to from the trial court as to the
complaint he makes in issue two (that the trial attorney was conflicted and should not have been allowed to represent him),
appellant also complains of the trial court's action which granted him such relief, complaining in issue one that the trial
court should not have allowed his attorney to withdraw, thus arguing that the trial court should have forced the attorney to
remain on the case.