NUMBER
13-02-043-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

                                                                                                                     


 

                 IN THE
INTEREST OF G.C.T., T.L.T., A/K/A T.L.T.,

                           T.S.W.T., AND M.L.C.T.,
A/K/A G.T.                  

                                                                                                                                      


       On appeal from the
313th District Court of Harris County, Texas.

                                                                                                                     


 

                          MEMORANDUM OPINION

 

                     Before Justices
Hinojosa, Yañez, and Castillo

                                   Opinion by
Justice Yañez

 

 








Appellee, the Texas Department
of Protective & Regulatory Services (ATDPRS@), sued to terminate the
parental rights of appellants, Sheila Joyce Deavers (ADeavers@) and George Thomas (AThomas@) to four of their
children: G.C.T.; T.L.T., a/k/a T.L.T.; T.S.W.T.; and M.L.C.T., a/k/a G.T. (Athe children@).[1]  Following a bench trial, the trial court
terminated both parents= parental rights. 
By one  point
of error, Deavers contends the trial court erred in
denying her motion for continuance and request for a competency
evaluation.  By one point of error,
Thomas challenges the legal and factual sufficiency of the evidence supporting
termination of his parental rights.  We
affirm. 

As this is a memorandum
opinion not designated for publication and the parties are familiar with the
facts, we will not recite them here.  See
Tex. R. App. P. 47.1. 

                                                        Deavers

Deavers contends the trial
court erred in denying her motion for continuance and request for a competency
evaluation because she suffers from a mental illness which interfered with her
ability to communicate with counsel, and thus prevented her from receiving
effective assistance of counsel.  TDPRS
contends the trial court did not abuse its discretion in denying Deavers=s motion for continuance
and competency evaluation because: (1) the motion failed to satisfy the
requirements of Texas Rule of Civil Procedure 251[2]
because it was neither in writing nor supported by affidavit; and (2) she
failed to provide evidence that she suffered from a mental illness which
rendered her incompetent to proceed.

                                                   Applicable Law    








To grant or deny a
continuance is within the trial court's discretion.  Villegas v. Carter, 711 S.W.2d 624,
626 (Tex. 1986); Rosedale Partners Ltd. v. Resolution Trust Corp., 882
S.W.2d 622, 630 (Tex. App.BCorpus Christi 1994,
writ denied).  Generally, a court is
presumed to have correctly exercised its discretion when it denies a motion
that does not comply with the rules governing continuances.  Rosedale, 882 S.W.2d
at 630. 

   In the present case, Deavers
and Thomas each filed a request for findings of fact and conclusions of
law.  However, no notice of past due
findings was filed and the trial court did not file findings of fact or
conclusions of law.  Appellate courts
must give effect to the intended findings of the trial court and affirm the
judgment if it can be upheld on any legal theory that finds support in the
evidence.  See Black v. Dallas County
Child Welfare Unit, 835 S.W.2d 626, 630 n.10 (Tex. 1992).  If no findings of fact or conclusions of law
are filed, the reviewing court must imply all necessary fact findings in
support of the trial court's judgment.  Id.









Here, the record
contains no written motion for continuance supported by affidavit.[3]  At trial, on August 15, 2001, Deavers=s counsel urged an Aoral motion, to have [Deavers] evaluated by both the psychiatrist and
psychologist.@  Counsel argued that he was Aunable to adequately
prepare [Deavers] for trial@ because she did not Agrasp these proceedings.@  As evidence in support of the motion, counsel
argued that although Deavers was obviously pregnant,
she was Ain denial of her
pregnancy.@  Counsel for TDPRS advised the court that
although Deavers was previously ordered by the court
to submit to a psychological evaluation, there was no evidence she had complied
with the order.  Accordingly, no
information was available regarding Deavers=s mental state.  The trial court orally denied Deavers=s motion and continued
the trial until September 5, 2001.  On
September 5, Deavers=s counsel advised the court that he had filed a
motion for continuance and competency evaluation on Deavers=s behalf; the trial
court denied the motion.  

We construe Deavers=s argument to include a
claim she was denied effective assistance of counsel based on the contention
that she lacked sufficient understanding of the proceedings to assist in her
own defense.  As this Court noted in In re I.V., 61 S.W.3d 789, 799 (Tex. App.BCorpus Christi 2001, no
pet.), the majority of Texas appellate courts that have considered the issue
have held that the constitutional right to effective assistance of counsel in
criminal actions does not extend to a civil proceeding for termination of
parental rights.  Id. (citing In
re B.B., 971 S.W.2d 160, 172 (Tex. App.BBeaumont 1998, pet. denied); Arteaga
v. Tex. Dep't of Protective and Regulatory Servs.,
924 S.W.2d 756, 762 (Tex. App.BAustin 1996, writ
denied); In re J.F., 888 S.W.2d 140, 143 (Tex. App.BTyler 1994, no writ); Posner
v. Dallas County Child Welfare Unit, 784 S.W.2d 585, 588 (Tex. App.BEastland 1990, writ
denied); Howell v. Dallas County Child Welfare Unit, 710 S.W.2d 729,
734-35 (Tex. App.BDallas 1986, writ ref'd n.r.e.)); see also In re
A.R.R., 61 S.W.3d 691, 695 (Tex. App.BFort Worth 2001, pet.
denied).  Two courts, the Houston First
and Waco appellate courts, have held that the right to effective assistance of
counsel extends to parties in termination cases.  In re B.L.D., 56 S.W.3d 203, 211-12
(Tex. App.BWaco 2001, no pet.); In
re J.M.S., 43 S.W.3d 60, 63 (Tex. App.BHouston [1st Dist.]
2001, no pet.).  The supreme
court has not addressed the issue.








This Court has not yet
decided the issue of whether a parent is entitled to receive effective
assistance of counsel at a termination hearing, see In re I.V., 61
S.W.3d at 799, and we conclude it is unnecessary for us to do so in the present
case.  Deavers
presented no evidence in support of her contention that her inability to
understand the proceedings deprived her of effective assistance of
counsel.  The record reflects only the unsworn assertions of Deavers=s counsel that she did
not Agrasp the proceedings.@  Without deciding whether Deavers
was entitled to effective assistance of counsel, we hold that even if she was
entitled to effective assistance of counsel, she failed to meet her burden
under the Strickland test.[4]   After reviewing the record, we hold that Deavers failed to present any evidence in support of her
motion for continuance and competency evaluation.  We hold that the trial court did not abuse
its discretion in denying the motion.  We
overrule Deavers=s only point of
error.  

                                                         Thomas


By a single issue,
Thomas contends the evidence is legally and factually insufficient to support
the trial court=s judgment terminating
his parental rights.








The Texas Family Code
sets forth the statutory grounds upon which a court may involuntarily terminate
a parent-child relationship.  Tex. Fam. Code  Ann. ' 161.001 (Vernon Supp.
2002).  In addition to establishing one
or more of the grounds under section 161.001(1), the petitioner must establish
that termination is in the best interest of the child. Tex. Fam. Code Ann. ' 161.001(2) (Vernon Supp. 2002).  Each of the above elements must be
established by clear and convincing evidence. 
Tex. Fam. Code
Ann. ' 161.001 (Vernon Supp. 2002).  "Clear and convincing evidence" is
an intermediate standard, falling between the preponderance standard of
ordinary civil proceedings and the reasonable doubt standard of criminal
proceedings.  In re I.V., 61
S.W.3d at 794 (citing In re A.D.E., 880 S.W.2d 241, 244 (Tex. App.BCorpus Christi 1994, no
writ).  The clear and convincing
standard does not alter the standard of review  to be applied at the appellate court
level for sufficiency of the evidence challenges.  Id.[5]








When both legal and
factually sufficiency challenges are raised, we examine the legal sufficiency
of the evidence first.  D.O. v. Tex.
Dep't of Human Servs., 851 S.W.2d 351, 352 (Tex. App.BAustin 1993, no
writ).  When presented with a challenge
to the legal sufficiency of the evidence, this Court must consider all of the
evidence in a light most favorable to the party in whose favor the verdict was
rendered, indulging every reasonable inference in that party's favor.  In re B.S.T., 977 S.W.2d 481, 483
(Tex. App.BHouston [14th Dist.]
1998, no pet.) (citing Associated Indem. Corp. v. Cat Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998)).  If there is any evidence of probative force
to support the finding, it must be upheld. 
Id.
(citing ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex.
1997)).  In reviewing a challenge to the
factual sufficiency of the evidence, we must first consider, weigh, and examine
all of the evidence supporting and contrary to the finding. Id. (citing Plas-Tex., Inc. v. U.S. Steel Corp., 772
S.W.2d 442, 445 (Tex. 1989)). Having done so, this Court should set aside the
verdict only if the evidence which supports the finding is so weak as to be
clearly wrong and manifestly unjust.  Id.
(citing Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986)).

Thomas does not contend
on appeal that termination was not in the best interest of the children under
section 161.001(2).  See Tex. Fam. Code Ann. '
161.001(2) (Vernon Supp. 2002).  Therefore, if the evidence is legally and
factually sufficient to support any one of the specific conducts identified
under section 161.001(1), the termination is proper and we must affirm the
judgment of the trial court.  See Tex. Fam. Code Ann. '
161.001(1) (Vernon Supp. 2002).

The trial court=s order of termination
stated that the court found by clear and convincing evidence that termination
of Thomas=s parental rights is in
the best interest of the children and that Thomas:

has knowingly placed or
knowingly allowed the children to remain in conditions or surroundings which
endanger the physical or emotional well-being of the children.

 

has engaged in conduct or
knowingly placed the children with persons who engaged in conduct which
endangers the physical or emotional well-being of the children.

 

has constructively
abandoned the children who have/has been in the managing conservatorship
of the Department of Protective and Regulatory Services or an authorized agency
for not less than six months; the department or authorized agency has made
reasonable efforts to return the children to the father; the father has not
visited or maintained contact with the children; and the father has
demonstrated an inability to provide the children with a safe environment.  

 

See Tex.
Fam. Code Ann.
' 161.001(1)(D),(E), (N) (Vernon Supp. 2002).  








On appeal, Thomas
specifically challenges the legal and factual sufficiency of the evidence
supporting the findings that he: (1) failed to support the children in
accordance with his ability during a period of one year ending within six
months of the date of filing of the petition; (2) constructively abandoned the
children and failed to regularly visit or maintain significant contact with the
children; and (3) failed to comply with the provisions of the family service
plan.  See Tex. Fam. Code Ann. ' 161.001(1)(F), (N), (O) (Vernon
Supp. 2002). 

Thus, although Thomas
challenges the legal and factual sufficiency of the evidence supporting the
trial court=s findings in the
termination order as to section 161.001(1)(N), he offers no arguments
challenging the court=s findings of grounds
for termination under sections 161.001(1)(D) and 161.001(1)(E).  See Tex.
Fam. Code Ann. ' 161.001(1)(D), (E) (Vernon Supp.
2002).  Even if we were to determine that
the evidence is insufficient to support the trial court=s order terminating
Thomas=s rights on the grounds
of constructive abandonment, the order would be supported by the trial court=s unchallenged
findings.  See  In re K.C., Jr., 23
S.W.3d 604, 607 (Tex. App.BBeaumont 2000, no
pet.).  

Under section
161.001(1)(E), termination is supported by evidence that a parent engaged in
conduct or knowingly placed the children with persons who engaged in conduct
which endangers the physical or emotional well-being of the children.  See Tex.
Fam. Code Ann. ' 161.001(1)(E) (Vernon Supp.
2002).  AEndanger,@ as used in the statute,
means Ato expose to loss or
injury; to jeopardize.@  Texas Dep=t of
Human Servs. v. Boyd, 727 S.W.2d
531, 533 (Tex. 1987).  It is not
necessary for the conduct to be directed toward the children or that the
children actually suffer injury in order to endanger their well-being.  In re M.C., 917
S.W.2d 268, 269 (Tex. 1996).  








Here, the evidence shows
that Deavers suffered from psychological problems and
was ordered to submit to a psychological evaluation, but failed to do so.  Creisha Lewis
Cotton, the caseworker assigned to the children, testified that on one
occasion, she witnessed an incident in which Deavers
ran out of the house, clutching her four-month-old  infant and wielding a butcher
knife.  Ms. Cotton testified that Thomas
had harmed his children by leaving them in Deavers=s care.  She also testified that Thomas failed to
maintain a consistent visitation schedule with the children and failed to
provide for their support.  Ms. Cotton
testified it was in the children=s best interest to
terminate the parental rights of Deavers and
Thomas.  Thomas testified that he failed
to comply with the requirements of the family service plan, including
requirements that he take a drug and alcohol assessment and attend parenting
classes.  The record reflects Thomas did
not visit the children for seven months between December 2000 and July 2001.

We conclude the evidence
is legally sufficient to support the trial court=s finding that Thomas knowingly placed the children
with persons who engaged in conduct that endangered the physical or emotional
well-being of the children.

Furthermore, after
considering and weighing all the evidence, we conclude  that the trial court could have
reasonably found that the statutory basis for termination of Thomas=s parental rights was
established by clear and convincing evidence. 
The evidence that Thomas engaged in conduct or knowingly placed the
children with persons who engaged in conduct that endangered the physical or
emotional well-being of the children is not so weak or
so against the great weight of the evidence as to be clearly wrong or
manifestly unjust.  Accordingly, the
evidence supporting termination of Thomas=s rights is factually
sufficient.  








We hold that the
evidence was legally and factually sufficient to support the finding that
Thomas knowingly placed the children with persons who engaged in conduct that
endangered the physical or emotional well-being of the children.  Having found sufficient evidence to support
one of the grounds for termination, we need not consider the other grounds
contained in the termination order.  See
Phillips v. Tex. Dep=t of Protective and
Regulatory Servs., 25 S.W.3d 348, 358 (Tex. App.BAustin 2000, no pet.). 

The judgment of the
trial court is AFFIRMED.              

 

 

                                                               
                                                      

LINDA REYNA YAÑEZ

Justice

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and
filed this the

6th
day of June, 2002.











[1]The parental rights of Deavers and Thomas were terminated as to the four children
involved in this appeal in trial court cause number 96-99860 in the 313th
District Court of Harris County, Texas. 
The record reflects that the case was consolidated for trial with a
related case, trial court cause number 2000-06035J, styled In the Interest
of E.L.T., in which the parental rights of Deavers
and Thomas were terminated as to a fifth child, E.L.T.      





[2]Texas Rule of Civil
Procedure 251 provides: ANo application for a
continuance shall be heard before the defendant files
his defense, nor shall any continuance be granted except for sufficient cause
supported by affidavit, or by consent of the parties, or by operation of law.@  Tex.
R. Civ. P. 251.  





[3]We note that in argument to
the trial court, Deavers=s counsel advised the court
that a brief in support of 
the motion for a competency evaluation was filed Ain the [E.L.T.] cause
number.@  





[4]Under the two-prong test
for ineffective assistance in criminal cases, an appellant must show that: (1)
counsel=s representation fell below
an objective standard of reasonableness based on prevailing professional norms;
and (2) but for counsel=s errors, there is a
reasonable probability the result of the proceeding would have been
different.  Strickland
v. Washington, 466 U.S. 668, 688, 694 (1984).





[5]We note that the courts of
appeals are divided on whether the clear and convincing standard of proof
required at trial to terminate parental rights requires a stricter standard of
appellate review.  Compare, e.g., In
re A.R.R., 61 S.W.3d 691, 697 (Tex. App.BFort Worth 2001, pet.
denied) (applying a heightened standard of review, requiring a determination
that evidence is sufficient to make the existence of the facts highly probable,
not whether evidence is sufficient to make the existence of fact more probable
than not, as in ordinary civil cases); In re K.C., Jr., 23 S.W.3d 604,
605 (Tex. App.--Beaumont 2000, no pet.) (same); In
the Interest of B.R., 950 S.W.2d 113, 118-19  (Tex. App.--El Paso 1997, no writ) (same); with
In re J.N.R., 982 S.W.2d 137, 143 (Tex. App.--Houston [1st Dist.] 1998, no
pet.) (rejecting heightened standard and applying
traditional factual sufficiency standard of review).  This Court has not applied an elevated
standard of review when examining the sufficiency of the evidence in parental
termination cases.  In re I.V., 61
S.W.3d 789, 794 (Tex. App.BCorpus Christi 2001, no
pet.).