**AFFIRM; and Opinion Filed June 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01635-CV

## MONIQUE WATTS AND SHEDRICK JONES, Appellants
## V.
## BEALIE HANCOCK, Appellee

### On Appeal from the County Court at Law No. 5
### Dallas County, Texas
### Trial Court Cause No. CC-10-03931-E

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

This is a personal injury case that grew out of an automobile accident. According to the pleadings, appellants Monique Watts and Shedrick Jones sued appellee Bealie Hancock, alleging that Hancock operated her vehicle negligently when she made a left turn in front of the vehicle which was driven by Jones and in which Watts was a passenger. Hancock, in turn, filed a counterclaim for contribution, alleging that Jones operated his vehicle negligently in the incident by failing to yield the right of way to Hancock. Following trial to a jury, the trial court submitted a single question to the jury, asking whether the negligence, if any, of Hancock or Jones proximately caused the accident. The jury answered "no" for Hancock and "yes" for Jones. Given those findings, the trial court signed its judgment ordering that Watts and Jones take

nothing on their suit against Hancock and that Hancock's contribution counterclaim was rendered moot.[1] Watts and Jones appeal. We affirm the trial court's judgment.

Appellants represent themselves in this Court. They made appropriate arrangements for the filing of the clerk's record, and they timely filed their brief. However, we notified appellants that their brief was deficient and needed to be amended.[2] Although appellants requested additional time to amend, and we granted them additional time, appellants never did amend their brief. In addition, when appellants filed their brief, they also filed a statement saying: "We are not requesting Reporter's records for our case # 05-12-01635-CV." Accordingly, the case was submitted without a reporter's record. Appellee Hancock did not file a brief.

Appellants' brief, liberally construed, raises three issues: (1) ineffective assistance of counsel,[3] (2) mental disability on the part of appellants that prevented their comprehension of trial proceedings,[4] and (3) sufficiency of the evidence to support the jury's verdict.[5] Given appellants' decision not to request the reporter's record, we may consider and decide only those issues that do not require a reporter's record. *See* TEX. R. APP. P. 37.3(c)(1).

---

[1] Appellants also brought an under-insured motorist claim against Jones' insurer, Safe Auto Insurance Company. The trial court abated that claim pending resolution of the negligence claim against Hancock. Because the jury found Hancock was not negligent, the trial court concluded the under-insured motorist claim was barred. Accordingly, the court's judgment also concluded appellants would take nothing from Safe Auto. Watts and Jones have not appealed that portion of the judgment.

[2] Our notice to appellants that the brief was deficient identified fourteen ways in which the brief did not satisfy rule 38.1 of the Texas Rules of Appellate Procedure, including appropriate tables of contents and authorities, a statement of the case, a statement of the facts, and appropriate citations to legal authorities and the record.

[3] The first issue asserts:

The court did not hear pertinent information pertaining to [the] case. The officer who wrote [the] police report was not asked to appear in this case. Nor was anyone who would explain why this was not important to [the] case as well as Ben Abbott the attorney for plaintiffs in [this] case. Mr. Levay an attorney for this [firm] was appointed to this case without any preparation or council [sic] that knows all about [the] case. We never spoke to Mr. Levay yet this is the council [sic] sent by Mr. Abbot's Firm.

[4] The second issue states:

Mr. Jones and Mrs. Watts are diagnosed [m]entally disabled and clearly [were] not comprehending what was happening in court nor what was being said at certain times.

[5] The third issue asserts:

Appellants request for reconsideration in the verdict of [the] court due to these mistakes, misrepresentation and neglect.

As to appellants' complaints concerning their trial counsel, there is no guarantee of effective counsel in a civil trial. *See Gall v. City of Vidor*, No. 09-98-136-CV, 1999 WL 64266 (Tex. App.—Beaumont  Feb. 11, 1999, no pet.) (per curiam) ("Ineffective assistance of counsel is not reversible error in a civil suit."); *see also Howell v. Dallas County Child Welfare Unit*, 710 S.W.2d 729, 735 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) ("A civil proceeding, even one involving a higher degree of proof than that ordinarily required, is not to be treated as a criminal case with all the procedural requirements of a criminal hearing strictly applicable."). Moreover, any factual basis for the complaints appellants make under the first issue would necessarily require a reporter's record of the trial. We overrule appellants' first issue.

Appellants' second issue complains of their own inability to comprehend trial proceedings. They cite no authority providing a legal basis for this complaint, and we are unaware of any such authority in a civil matter. Any inquiry into trial procedures would also require a reporter's record. We overrule appellants' second issue.

In their third issue, appellants ask us to "reconsider the verdict" in their case. We will treat this request as one to review the sufficiency of the evidence supporting the jury's finding that Hancock was not negligent. The supreme court has stated that an appellant who brings forward a partial record on appeal does not waive a sufficiency review of the portion of the record before the court of appeals. *Bennett v. Cochran*, 96 S.W.3d 227, 229–230 (Tex. 2002). However, when only a partial record is brought forward, the appellate court must presume the omitted portion supported the trial court's judgment. *Id.* at 230. In this case, given that no reporter's record of the trial was brought forward, we must presume that the record supported the jury's finding that Hancock was not negligent and the trial court's judgment based upon that finding. *See id.* Accordingly, we conclude the evidence was sufficient, and we overrule appellants' third issue.

We note that appellants attached a series of photographs and a hand-written statement by Watts to their notice of appeal. The documents were notarized, and appellants refer us to those documents in their brief in several places. Appellants also attached notarized portions of the "Texas Driver's Handbook" and the police report of the accident at issue. But attaching these documents to a notice of appeal does not amount to including them in the record of this case; we may not consider documents that are not part of the appellate record. *See, e.g., Perry v. Kroger Stores Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, thus, the documents cannot be considered."); *see also Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) ("Affidavits outside the record cannot be considered by the Court of Civil Appeals for any purpose other than determining its own jurisdiction.").

We affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

121635F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MONIQUE WATTS AND SHEDRICK
JONES, Appellants

No. 05-12-01635-CV     V.

BEALIE HANCOCK, Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-10-03931-E.
Opinion delivered by Justice Lewis,
Justices Lang-Miers and Myers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BEALIE HANCOCK recover her costs of this appeal from appellant MONIQUE WATTS AND SHEDRICK JONES.

Judgment entered this 18th day of June, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE