W_____ H_____, Appellant,

v.

Marjorie S. MOORE, Supervisor for Social Service Unit 083, Texas Department of Human Resources, Appellee.

No. 20088.

Court of Civil Appeals of Texas, Dallas.

Dec. 19, 1979.

Richard A. Beacom, Jr., Greenville, for appellant.

Frederick C. Shelton, Jr., Greenville, for appellee.

Before AKIN, ROBERTSON and HUMPHREYS, JJ.

HUMPHREYS, Justice.

ON THE MERITS

This appeal is from an order terminating a mother's parental rights to two children. In a prior opinion, this court directed the trial judge to make specific findings of fact under Tex.Fam.Code Ann. § 15.02(1)(D) and (E) (Vernon Supp. 1978–1979). *See* W_____ H_____ *v. Moore,* 589 S.W. 2d 830 (Tex.Civ.App.—Dallas, 1979, no writ). The court has now filed findings, concluding that the mother engaged in conduct which endangered the well-being of the children, knowingly placed the children with others who engaged in conduct which endangered the children, and knowingly allowed the children to remain in conditions and surroundings which endangered the children. We overrule the mother's no evidence points because we find probative evidence to support these findings of the trial judge.

The Department of Human Resources, appellee, first became involved in this case on October 6, 1978, when it received a call from a hospital emergency room concerning one child, a two-year old girl, who had been severely burned on her buttocks and lower extremities. As a result of these burns, the child was hospitalized for five weeks and she lost the distal portion of four toes. Upon further examination, the doctor determined the little girl had a spiral fracture of her right leg and a deep bruise on her buttock. The other child, a four-year old boy, was brought to the hospital and the doctor found lesions, some secondarily infected, on his trunk and buttock area, which appeared to have been made by a looped extension cord, and a more recent injury, a deep bruise, on the buttock. The Department took custody of the children by emergency order, and later petitioned to terminate the mother's parental rights based on sections 15.02(1)(D) & (E). Both children are illegitimate and each father has relinquished his parental rights.

The mother argues that there is no evidence to support the court's findings. We disagree. A doctor who treated both children in the hospital testified that the inju-

ries to the little boy were more severe than a "discipline whipping," that most of the injuries were about two weeks old, and that they should have been treated earlier. The mother and a case worker testified that the little boy's injuries were inflicted by the mother's boyfriend while she was at work. The mother also testified, however, that some of his marks were made when both she and her boyfriend had whipped the boy. Furthermore, she stated that she had noticed the injuries, but did not obtain medical treatment for the boy or even request that her boyfriend refrain from "disciplining" the child. On the contrary, she continued to leave her children with the boyfriend.

The doctor also testified that the little girl's broken leg was the result of a twisting motion of considerable force. Although the mother testified that the little girl had stumbled on the way to the store, the doctor testified that it was unlikely that this injury could have been caused by a fall. Again, the mother failed to obtain medical treatment for the child. With respect to the bruise on the little girl's buttocks, the mother testified that it was caused by the boyfriend when he hit the child with a shower shoe with gravel in it while the mother was at work. As to the burns, the mother testified that the boyfriend admitted that they were caused when he scalded her with hot water, although he stated he was attempting to soak her injured leg. Additionally, another case worker and the doctor testified that the girl was extremely withdrawn and would not cry when first brought to the hospital.

Although most of the children's injuries occurred while the mother was at work, the evidence reveals that she knew about the injuries, other than the scalding, and continued to leave her children with the boyfriend. This evidence supports the findings of the trial court. Our conclusion is not altered by the testimony of two neighbors that the mother was a good mother and the fact that the mother attempted to treat the injuries.

The mother cites *Higgins v. Dallas County Child Welfare Unit,* 544 S.W.2d 745 (Tex. Civ.App.—Dallas 1976, no writ) and *Shapley v. Texas Department of Human Resources,* 581 S.W.2d 250 (Tex.Civ.App.—El Paso 1979, no writ), but these cases are distinguishable. In *Higgins* the evidence concerning the injuries and the time they were inflicted was uncertain, and in *Shapley* the court stated that the mother, who had taken her child to the hospital herself, had probably delayed a short time due to the fear of the father. In our case, the injuries and control of the children are established and there is no evidence that the mother did anything to prevent injury to her children.

Affirmed.