George JONES, Plaintiff-Appellee,
Cross-Appellant,

v.

BENEFIT TRUST LIFE INSURANCE COMPANY, Defendant-Appellant,
Cross-Appellee.

No. 85–4853.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 1, 1986.

---

Megehee, Brown, Williams & Mestayer, John M. Kinard, Raymond L. Brown, Pascagoula, Miss., for defendant-appellant, cross-appellee.

Wynn E. Clark, Gary L. Roberts, Pascagoula, Miss., for plaintiff-appellee, cross-appellant.

Before GEE, RANDALL and DAVIS, Circuit Judges.

PER CURIAM:

Following a jury verdict for the plaintiff, the defendant filed a motion for remittitur; a motion for judgment n.o.v. or, alternatively, a new trial; and a motion to alter or amend the judgment. The plaintiff filed a motion to amend its prayer for relief to conform to the evidence and the jury verdict. The district court granted in part the defendant's motion for judgment n.o.v.; it denied the remainder of the defendant's motions; and it held that the plaintiff's motion was moot. 617 F.Supp. 1542 (S.D. Miss.1985). The defendant appeals and the plaintiff cross-appeals. We affirm in part, vacate in part and remand.

### I.

George Jones worked as a laborer, machinery operator and millwright at Mississippi Chemical Corp. (Mississippi Chemical) in Pascagoula, Mississippi. After working there for some fifteen years, Jones developed glaucoma, became blind, and was unable to work any longer. He began receiving Social Security benefits shortly thereafter, as did his wife and three children. Jones received $311.10 per month, and his wife and children each received $66.10 per month.

Mississippi Chemical had contracted with Benefit Trust Life Insurance Company (Benefit Trust) for a group long-term disability contract for its employees. Jones applied for benefits under this policy. The monthly benefit to which Jones would have been entitled was $600.17, but this amount

was reduced by the total Social Security award being received by Jones, his wife, and his children (i.e., a total of $575.50 per month). Jones therefore received a monthly payment from Benefit Trust of $24.67.

In 1982, Benefit Trust learned that Jones had also been receiving Veterans' Administration disability benefits, so Benefit Trust wrote Jones advising him that there had been an overpayment under the long-term disability policy, and requesting that Jones refund to Benefit Trust $1,241.68. Jones brought suit alleging tortious breach of contract and seeking actual and punitive damages.

The district court granted Jones' motion for summary judgment concerning Jones' claim that, as a matter of law, Benefit Trust was not entitled to deduct from the amount due to Jones under the long-term disability policy the Social Security benefits being paid to Jones' wife and children. *Jones v. Benefit Trust Insurance Co.*, 605 F.Supp. 179 (S.D.Miss.1985) (*Jones I*). An agreed order was entered establishing that Benefit Trust had erroneously deducted $7,300 from the amount due to Jones under Benefit Trust's policy with Mississippi Chemical. The agreed order awarded this sum as contract damages, plus $4,705 prejudgment interest, to Jones.

A trial concerning damages for injury resulting from tortious breach of contract was then conducted before a jury. The jury awarded Jones $50,000 in actual damages and $40,000 in punitive damages. Benefit Trust filed a motion for a remittitur and a motion for judgment n.o.v. or, alternatively, a new trial. Benefit Trust also filed a motion to alter or amend, alleging that because Jones' recovery for actual damages exceeded the ad damnum clause in the complaint, the verdict for actual damages should be reduced to the amount actually sued for. Jones therefore filed a motion to amend his prayer for relief to conform to the evidence and the jury's verdict.

The district court ruled that under *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir.1969) (en banc), the evidence was suffi-cient to support the jury's verdict for punitive damages. However, the district court granted in part Benefit Trust's motion for judgment n.o.v., holding that the evidence did not support an award of damages for emotional distress. The court denied the remainder of Benefit Trust's motions and found Jones' motion to alter his pleadings to be moot. *Jones v. Benefit Trust Life Insurance Co.*, 617 F.Supp. 1542 (S.D.Miss. 1985) (*Jones II*).

Benefit Trust appeals, arguing that the district court erred in submitting the issue of punitive damages to the jury without first determining whether Benefit Trust had an arguable reason under its policy with Mississippi Chemical for acting as it had. Benefit Trust asserts "that *Boeing v. Shipman* should not have been deemed controlling by the lower court in this case" because, according to Benefit Trust, the district court should have initially determined whether, under Mississippi substantive law, the punitive damages issue should even have gone to the jury. In addition, Benefit Trust raises several evidentiary issues, arguing that the district court erred: (1) in keeping Benefit Trust from informing the jury that the district court had initially denied Jones' motion for summary judgment on the issue of how much money was due under the disability contract before later reversing that ruling and granting Jones' motion; (2) in disallowing the introduction into evidence of a booklet prepared by Mississippi Chemical which summarized the terms of the group long-term policy and in denying Benefit Trust's request to introduce a memo in Mississippi Chemical's file; and (3) by admitting into evidence another insurance policy issued by Benefit Trust to a different company.

Jones has cross-appealed, arguing that the district court erred in granting Benefit Trust's motion for judgment n.o.v. as to the emotional distress damages in that Benefit Trust did not move for a directed verdict on this issue. In any event, Jones contends, the evidence was sufficient to support a finding of emotional distress injury. In addition, Jones argues that the district

court erred in failing to grant its motion to amend the prayer for relief.

## II.

 Under Mississippi substantive law, a plaintiff who brings suit against an insurance company for the company's failure to pay under a policy may have the issue of punitive damages go to the jury only if the insurance company did not have a "reasonably arguable basis" for denying the claim. *Blue Cross & Blue Shield of Mississippi, Inc. v. Campbell,* 466 So.2d 833, 842 (Miss. 1985). Benefit Trust argues that the district court should have followed *Campbell* and determined for itself whether the insurance company had a reasonably arguable basis for acting as it did.

 Benefit Trust does not argue that the evidence before the jury was insufficient to support a punitive damages award, only that the court should have kept the issue from the jury. However, the relationship between the judge and jury in a federal civil proceeding is a matter of federal, not state, law. *Plantation Key Developers, Inc. v. Colonial Mortgage Co. of Indiana, Inc.,* 589 F.2d 164, 171 (5th Cir. 1979). The standard in this circuit for determining whether the evidence is sufficient to create a jury question is the familiar one set out in *Boeing,* and the standard does not change because the case is in federal court on the basis of diversity jurisdiction. *Louis Dreyfus Corp. v. Brown,* 709 F.2d 898, 900 n. 3 (5th Cir.1983); *see also Dial v. Travelers Indemnity Co.,* 780 F.2d 520, 521 (5th Cir.1986). The district court correctly applied the *Boeing* standard in determining whether to disturb the jury's award of punitive damages.

We review the district court's evidentiary rulings under the abuse of discretion standard, *Muzyka v. Remington Arms Co.,* 774 F.2d 1309, 1313 (5th Cir.1985), and we will reverse a judgment on the basis of evidentiary rulings only where the challenged ruling affects a substantial right of a party. *Id.* at 1313; *Jon-T Chemicals, Inc. v. Freeport Chemical Co.,* 704 F.2d 1412, 1417 (5th Cir.1983); *See* Fed.R.Evid. 103(a); Fed. R.Civ.P. 61.

 Benefit Trust sought to introduce the district court's original order denying Jones' motion for summary judgment on the issue concerning the interpretation of the insurance contract; this decision, however, was nullified when the district court later decided to grant Jones' motion. Benefit Trust has cited no authority or rationale for the proposition that a judge's pretrial rulings may be relevant to an issue of fact before the jury. Adopting Benefit Trust's position would seem at odds with Fed.R.Evid. 605, which provides that "[t]he judge presiding at the trial may not testify in that trial as a witness." In any event, without statutory authority for Benefit Trust's theory, the district court's ruling was not an abuse of discretion.

 The district court also excluded a booklet titled "Summary Plan Description" and a file memo prepared by Mississippi Chemical. Jones' counsel objected at trial to the introduction of these items, urging that they were hearsay and not relevant. Benefit Trust now argues that these documents come under the business records exception to the hearsay rule, but Benefit Trust clearly did not establish the proper foundation to have these documents put before the jury. Fed.R.Evid. 803(6); *see O'Malley v. United States Fidelity & Guaranty Co.,* 776 F.2d 494, 499–500 (5th Cir.1985). The district court agreed that the booklet and memo were hearsay, and the court did not abuse its discretion in keeping these documents from the jury.

 Finally, Benefit Trust complains of the district court's decision to allow the introduction of a policy issued by Benefit Trust to the Buffalo Philharmonic Orchestra Society, Inc. Benefit Trust argues that the admission of the policy into evidence violated Rule 407, which requires the exclusion of evidence of subsequent remedial measures when offered to prove negligence or other culpable conduct. It is clear from the record, however, that the policy was offered as evidence not to establish

culpable conduct but to impeach the credibility of witnesses for Benefit Trust. Indeed, in lengthy argument before the district court, Jones' counsel urged that the evidence was admissible insofar as it tended to impeach Benefit Trust's position that the policy language was ambiguous. The district court's decision to admit the evidence for impeachment purposes was not an abuse of discretion.

### III.

Jones cross-appeals, arguing that the district court erred in granting Benefit Trust judgment n.o.v. on the issue of damages for mental distress. Jones then argues, assuming the district court's decision concerning judgment n.o.v. to have been in error, that the court should have permitted him to amend his prayer for relief to conform to the jury's verdict. We agree with Jones that, under the *Boeing* standard of review, there was sufficient evidence for the jury to return an award of damages for mental distress; accordingly, we vacate the district court's order granting Benefit Trust partial judgment n.o.v. and remand so that the court may permit Jones to amend his prayer for relief to conform to the evidence.

■ Jones argues that Benefit Trust was not entitled to challenge the award of damages for emotional distress in a motion for judgment n.o.v. since Benefit Trust had not moved for a directed verdict on these same grounds. In general, of course, a party may not base a motion for judgment n.o.v. on a ground that was not included in a prior motion for directed verdict. *Sulmeyer v. Coca Cola Co.*, 515 F.2d 835 (5th Cir.1975), *cert. denied*, 424 U.S. 934, 96 S.Ct. 1148, 47 L.Ed.2d 341 (1976). In this case, Benefit Trust's motion for directed verdict addressed only the issue of liability, not damages. However, at the close of all the evidence, Benefit Trust objected to the court's jury instruction on damages for mental distress, arguing that the issue should not go to the jury because there was no evidence to support Jones' claim. This objection may be fairly treated as a motion for directed verdict on the issue, thereby preserving Benefit Trust's right to raise the issue in a motion for judgment n.o.v. *Cf. Rawls v. Daughters of Charity of St. Vincent De Paul, Inc.*, 491 F.2d 141, 147 (5th Cir.), *cert. denied*, 419 U.S. 1032, 95 S.Ct. 513, 42 L.Ed.2d 307 (1974).

■ The district court, in a published opinion which thoroughly analyzes the Mississippi law on emotional distress damages, concluded that "the plaintiff failed to show a severe emotional disturbance," and "[t]he plaintiff has failed to prove severe distress." *Jones II*, 617 F.Supp. at 1548, 1549. As Jones points out, under Mississippi law, the predicate which justifies an award of punitive damages may also justify an award of damages for mental distress when the mental distress is not accompanied by a physical injury. *Jackson v. Johns-Manville Sales Corp.*, 781 F.2d 394, 414 (5th Cir.) (en banc), *cert. denied*, —— U.S. ——, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986). However, in addition to proving that the defendant's conduct is sufficient to support an award of damages for mental distress, the plaintiff must also prove that he has suffered mental distress. *See id.* at 413–14 nn. 25, 27. In this case, the jury returned a verdict for emotional distress damages. The testimony supporting that award came from Jones himself and from his wife. The jury's award for emotional distress damages must be upheld unless "the facts and inferences point so strongly and overwhelmingly in favor of" Benefit Trust "that the Court believes that reasonable men could not arrive" at a verdict for Jones. Although "[a] mere scintilla of evidence is insufficient to present a question for the jury, ... it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *Boeing*, 411 F.2d at 374–75. Under *Boeing*, it was error for the district court to set aside entirely the jury's award of damages for emotional distress. Accordingly, we reverse the district court's judgment granting Benefit Trust's motion for judgment n.o.v. as to emotional

distress damages, and we remand the case to the district court so that it may permit Jones to amend his prayer for relief and so that it may consider Benefit Trust's motion for remittitur as to the amount of damages returned by the jury for emotional distress.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.