Penelope R. **POSNER** and Robert F. Posner, Appellants,

v.

**DALLAS COUNTY CHILD WELFARE UNIT OF the TEXAS DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 11–89–054–CV.

Court of Appeals of Texas, Eastland.

Feb. 15, 1990.

Rehearing Denied March 15, 1990.

J. Darlene Ewing, Dallas, for appellants.

John C. Vance, Dist. Atty., Allison N. Sartin, Asst. Dist. Atty., Dallas, for appellee.

## OPINION

PER CURIAM.

The Texas Department of Human Services sued to terminate the parental rights of Penelope and Robert Posner to their two daughters. Both parents appeal the judgment terminating their parental rights. We affirm.

Appellants challenge both the factual and legal sufficiency of the evidence. Appellants failed, however, to challenge the ultimate and controlling findings of fact which were labeled "conclusions of law." Rather, appellants challenge the immateri-

al, evidentiary matters which were included in the "findings of fact." See *Sauer v. Johnson,* 520 S.W.2d 438 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.); *Moore v. Campbell,* 254 S.W.2d 1018 (Tex.Civ.App.—Austin 1953, writ ref'd n.r.e.).

■■ Findings which deal with the ultimate and determinative fact questions of the case are not to be disregarded simply because they appear in the "conclusions of law." *De Llano v. Moran,* 160 Tex. 490, 333 S.W.2d 359 (1960); *McAshan v. Cavitt,* 149 Tex. 147, 229 S.W.2d 1016 (1950). See also *W.H. v. Moore,* 589 S.W.2d 830, 831 (Tex.Civ.App.—Dallas), *affm'd following remand,* 591 S.W.2d 645 (Tex.Civ.App.—Dallas 1979). Consequently, appellants are bound by these unchallenged findings which constitute undisputed facts. *Ray v. Farmers' State Bank of Hart,* 576 S.W.2d 607 (Tex.1979); *Lovejoy v. Lillie,* 569 S.W.2d 501 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.).

As grounds for termination, the trial court relied upon TEX.FAM.CODE ANN. sec. 15.02(1)(D) and (E) and 15.02(2) (Vernon Supp.1990). Accordingly, the trial court made these statutorily required controlling findings:

## II.  CONCLUSIONS OF LAW

14. Penelope Ruth Posner knowingly placed and knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children.

15. Termination of the parent-child relationship between Penelope Ruth Posner and the subject children is in the best interest of the children.

16. Robert Franklin Posner knowingly placed and knowingly allowed the subject children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children.

17. Robert Franklin Posner engaged in conduct which endangered the physical or emotional well-being of the children.

18. Termination of the parent-child relationship between Robert Franklin Posner and the subject children is in the best interest of the children.

There are no points of error which complain of these findings; therefore, such findings are binding upon the appellate court. *Flowers v. Texas Department of Human Resources, Tarrant County Welfare Unit,* 629 S.W.2d 891 (Tex.App.—Fort Worth 1982, no writ). Appellants' Points of Error Nos. 1 through 8 are overruled.

In their ninth point of error, appellants urge that the trial court erred in admitting the hearsay testimony of two witnesses and excluding the testimony of another. Also, appellants argue that it was error to exclude the results of a polygraph examination.

■ Appellants first complain about the testimony of Pamela Lynn Mings. Mings testified that, while observing her four-year-old son and J., appellants' older daughter, playing with dolls, she overheard J. say, "[G]ive me your doll, and I'll show you with mine how daddies sex their little girls."

This testimony was not offered to prove the truth of the declarant's statement as to how daddies "sex their little girls." Rather, it was offered to show that J. made the statement which was relevant to the issue of her emotional well-being and state of mind. Hence, the statement clearly falls within the hearsay exception, TEX.R.CIV. EVID. 803(3), as it was a statement of J.'s then existing emotional condition and state of mind.

■ Appellants further contend that the trial court erred in allowing Dr. Alvin Smith to testify to statements made by J. The evidence complained of on appeal was contained in a psychological evaluation which had been previously admitted without objection. Consequently, appellants' counsel waived any error regarding a later offer of a different form of the same evidence. See *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 842 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). Appellants failed to preserve error where such objection was not timely made. TEX.R. CIV.EVID. 103(a)(1) and (b); *MBank Dal-*

las N.A. v. Sunbelt Manufacturing, Inc., 710 S.W.2d 633 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); Wolfe v. East Texas Seed Company, 583 S.W.2d 481 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ dism'd).

■ Appellants also argue that the trial court erred in excluding Dr. Robert Gordon's testimony, which they contend explained the inconsistencies of J.'s statements. Appellants failed, however, to make an offer of proof upon the trial court's exclusion of their proffered testimony; hence, no error was preserved for appellate review. TEX.R.APP.P. 52(b); TEX. R.CIV.EVID. 103(a)(2).

■ Appellants also contend that the trial court erred in denying the admission of a witness' polygraph results. It has long been held that results of a polygraph examination are not admissible in civil suits. Pierson v. McClanahan, 531 S.W.2d 672 (Tex.Civ.App.—Austin 1975, writ ref'd n.r. e.); Central Mutual Insurance Company v. D. & B., Inc., 340 S.W.2d 525 (Tex.Civ. App.—Waco 1960, writ ref'd n.r.e.). Appellants' ninth point of error is overruled.

■ In their tenth point of error, appellants urge that it was error for the trial court to allow the foster mother to remain in the courtroom during the testimony of J. Appellants argue that the violation of TEX. R.CIV.P. 267, the Rule, tainted J.'s testimony.

The purpose of invoking the Rule is to aid in the ascertainment of truth by preventing the testimony of one witness from influencing the testimony of another. Parham v. Wilbon, 746 S.W.2d 347 (Tex.App.—Fort Worth 1988, no writ). J. was not brought into the courtroom until *after* the foster mother's testimony. Therefore, J. could not have been influenced by the testimony of the foster mother. Furthermore, if the trial court committed error, we hold that such error was not reasonably calculated to cause and probably did not cause the rendition of an improper judgment. TEX.R.APP.P. 81(b)(1). Appellants' tenth point of error is overruled.

■ In their final point of error, appellants contend that they were denied the right to effective assistance of counsel. We note that appellants' trial counsel was retained. The constitutional right to effective assistance of counsel in criminal actions does not extend to a civil proceeding involving the termination of parental rights. Howell v. Dallas County Child Welfare Unit, 710 S.W.2d 729 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), cert. denied, 481 U.S. 1018, 107 S.Ct. 1898, 95 L.Ed.2d 505 (1987). Appellants' eleventh point of error is overruled.

■ Appellants have filed a pro se brief. Appellants, however, are represented by counsel who has filed a brief. TEX.R. CIV.P. 7 provides that a party may appear and defend his rights, "either in person or by an attorney of the court." The rule is well established in Texas in criminal cases that a defendant is not entitled to "hybrid representation," representation partly by counsel and partly pro se. Rudd v. State, 616 S.W.2d 623 (Tex.Cr.App.1981); Landers v. State, 550 S.W.2d 272 (Tex.Cr.App. 1977). Likewise, in applying 28 U.S.C.A. sec. 1654 (West 1966) which provides that parties may conduct their own cases personally or by counsel, the federal courts have consistently held that a party does not have the right to hybrid representation in both criminal and civil cases. O'Reilly v. New York Times Company, 692 F.2d 863 (2nd Cir.1982); United States v. Daniels, 572 F.2d 535 (5th Cir.1978); Brasier v. Jeary, 256 F.2d 474 (8th Cir.1958).

We hold that in civil cases as in criminal cases an appellant is not entitled to hybrid representation. Therefore, the pro se brief presents nothing for review.

The judgment of the trial court is affirmed.