**In the Interest of M.S., E.S., D.S., S.S., and N.S., Minor Children.**

**No. 09–01–037 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Feb. 25, 2002.

Decided April 11, 2002.

Michael D. Papania, Law Offices of James A. DeLee, Port Arthur, for appellant.

Duke Hooten, Cathren Page Koehlert, Austin for appellees.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

WALKER, Chief Justice.

Shana Strickland appeals the termination of her parental relationship with her five children, M.S., E.S., D.S., S.S., and N.S. Four issues are presented in her brief.

■ Issue one contends, "The Trial Court erred by admitting into evidence 'Temporary Orders Following Adversarial Hearing' and a 'Permanency Hearing Order' because the findings in the Orders amounted to testimony by the Trial Judge in violation of Rule 605 of the Texas Rules of Evidence." When the Department of Protective and Regulatory Services ("CPS") offered the temporary order, Strickland's counsel stated, "Note my pro-forma objection as to not the best interest, Your Honor." When the permanency hearing order was offered, counsel stated, "Same objection." The trial court apparently understood the objections to be "best evidence" objections addressing authentication of the documents. *See* Tex.R. Evid. 1002. Strickland does not challenge authentication on appeal. No other specific ground of objection was raised, and no other specific ground is apparent from the context. Since she did not preserve error, we shall address the admission of the documents only to the extent that the Rules of Evidence exempt preservation of error. *See* Tex.R. Evid. 103; Tex.R.App. P. 33.1(a).

"The judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point." Tex.R. Evid. 605. In this case, however, the judge did not testify as a witness. The evidence in question is comprised of two documents, not testimony by the judge, who remained on the bench at all times and stayed out of the witness box.

Strickland cites *In the Interest of T.T.*, 39 S.W.3d 355 (Tex.App.—Houston [1st Dist.] 2001, no pet.), as support for her argument that admission of a court order violates Rule 605. *T.T.* held that a trial judge's temporary order was simultaneously a statement not made while testifying and testimony by the presiding judge. *Id.* at 359 (citing Tex.R. Evid. 802; 605). The court resolved this apparent oxymoron by treating the order as the functional equivalent of testimony. *Id.* A few cases involving the federal rule have addressed Rule 605 in situations that did not involve the presiding judge actually testifying as a witness in open court. *Kennedy v. Great Atlantic & Pacific Tea Co., Inc.*, 551 F.2d 593, 597–98 (5th Cir.1977), noted that Rule 605 concerns the disqualification of the judge himself, rather than his law clerk, but held that the trial court abused its discretion in denying a motion to disqualify the clerk as a witness after the clerk examined the scene of the accident in controversy. And *Jones v. Benefit Trust Life Ins. Co.*, 800 F.2d 1397, 1400 (5th Cir.1986), which held that the trial court did not abuse its discretion in excluding a pre-trial order denying summary judgment that was nullified by a later granting of the motion for summary judgment, mentioned in dicta that the offering party's position "would seem at odds with Fed.R.Evid. 605."

However, the Texas Court of Criminal Appeals has strictly construed Rule 605.

In holding that the rule did not encompass future proceedings over which the judge was not presently presiding, it stated, "The phrase 'the judge presiding at *the* trial may not testify in *that* trial' means that the judge who is presiding over a proceeding may not 'step down from the bench' and become a witness in the very same proceeding over which he is currently presiding." *Hensarling v. State*, 829 S.W.2d 168, 170 (Tex.Crim.App.1992). The Court of Criminal Appeals has also held, in a case where the judge contacted the jurors to inform them that the defendant had escaped from custody, that a statement by the judge in his official capacity is not "testimony." *Hammond v. State*, 799 S.W.2d 741, 746–47 (Tex.Crim. App.1990).

The court in *T.T.* reasoned that the order, which included a finding that the respondent had endangered the children, amounted to an improper comment on the weight of the evidence. 39 S.W.3d at 359. That conclusion may well have been warranted under the circumstances present in that case. It seems to us, however, that the problem should be addressed under Texas Rule of Evidence 403, not Rule 605. *See* Tex.R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."). Had Strickland objected to the admission of the court's orders under Rule 403, CPS would likely have argued that it needed the documents in order to prove its allegations that Strickland failed to comply with the provisions of a court order that specifically established the actions necessary to obtain return of the children who have been in the managing conservatorship of CPS for not less than nine months as a result of the children's removal under Chapter 262. *See* Tex. Fam.Code. Ann. § 161.001(1)(O) (Vernon Supp.2002). That particular Family Code section was apparently not at issue in *T.T.*, which might explain why the court was willing to apply Rule 605. Under the facts of our case, we hold that the documents in question are not testimony by the trial judge prohibited by Texas Rule of Evidence 605. Issue one is overruled.

■ Issue two urges, "The Trial Court erred by admitting into evidence a 'Memorandum of Agreement' because the findings in the Orders amounted to testimony by the Trial Judge in violation of Rules 605 and 803 of the Texas Rules of Evidence, and the confidentiality statutes under the Texas Practice And (sic) Remedies Code." Strickland's Rule 605 argument fails for precisely the same reason as discussed in our consideration of her first issue, and we shall not repeat that analysis here. However, we must address the matters raised by counsel's objection to the memorandum, which were, "Hearsay, confidentiality, and a part of negotiations." The trial court *sustained* those objections. Counsel for CPS then offered the document, which had been adopted as a Rule 11 agreement, "as a court order." *See* Tex.R. Civ. P. 11; Tex.R. Evid. 803(8). The Court then modified its ruling, stating, "I would sustain your objection only as to any discussion by this witness of anything that occurred in the mediation; however, as to the document itself, I will overrule your objection; and I admit it."

The "Memorandum of Agreement" set forth the acts that Strickland would undertake; CPS agreed to return the children to Strickland if she complied with the agreement. That agreement is not hearsay. First, the memorandum was not offered for the truth of matters stated therein, but for the fact that the agreement was made. *See* Tex.R. Evid. 801. To the extent that it could be argued to fit within Rule 801(d), a statement by Strickland contained in the

agreement would not be hearsay because it was an admission by the party opponent under Rule 801(e). *See* TEX.R. EVID. 801. To the extent that the memorandum, which was adopted by the trial court as an order, could be argued to include statements of belief by the trial court or any of the parties to the agreement, it would be admissible as a public record, and as a statement against civil interest. *See* TEX.R. EVID. 803(8), (24).

■ Strickland cites *T.T.* as authority for the proposition that the agreement was inadmissible under the Texas Civil Practice and Remedies Code. *T.T.*, 39 S.W.3d at 360. In *T.T.*, the mediator's report, which was entered as a Rule 11 agreement pursuant to mediation, was attached as an exhibit to the judge's temporary order. *Id.* As in *T.T.*, Strickland and CPS agreed that the memorandum would operate as a fully enforceable Rule 11 agreement. *See* TEX.R. CIV. P. 11. *T.T.* held that, although the parties waived confidentiality under Rule 11, they did not waive the right that the attached mediator's report not be used as evidence against them in a judicial proceeding. 39 S.W.3d at 360; *see* TEX. CIV. PRAC. & REM.CODE ANN. § 154.073(a) (Vernon Supp.2002). Here, the evidence is neither a "communication ... made by a participant in an alternative dispute resolution procedure" nor a "record made at a dispute resolution procedure"; rather, it is a written agreement entered into the court record without any attempt to maintain its confidential nature before its entry. "If the parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract." TEX. CIV. PRAC. & REM.CODE ANN. § 154.071 (Vernon 1997). The document became a public record not subject to any restrictions under the Civil Practice and Remedies Code. Issue two is overruled.

■ Issue three urges, "The evidence was legally sufficient, or alternatively, factually sufficient to support the jury verdict that it was in the children's best interest to terminate the mother's parental rights and the finding of a statutory factor under Tex. Fam.Code § 161.001(1)." We understand Strickland's argument to challenge the legal and factual sufficiency of the evidence to support the verdict. Strickland admits that she did not preserve error, but argues that the legal and factual sufficiency of the evidence to support the jury's verdict may be challenged for the first time on appeal. The Courts of Appeals are split on this issue. The First, Second, and Thirteenth Courts of Appeals have held that a sufficiency challenge must be preserved in a termination of parental rights case. *In the Interest of G.C.*, 66 S.W.3d 517 (Tex. App.—Fort Worth, no pet. `h.); *In the Interest of I.V.*, 61 S.W.3d 789 (Tex.App.—Corpus Christi 2001, no pet.); *In the Interest of J.M.S.*, 43 S.W.3d 60 (Tex.App.—Houston [1st Dist.] 2001, no pet.). The Tenth Court of Appeals held that the core issues of predicate for termination and best interest of the child need not be preserved in order to be challenged on appellate review. *In the Interest of A.P.*, 42 S.W.3d 248, 254–61 (Tex.App.—Waco 2001, no pet.).

■ Although the parent's liberty interest in a termination proceeding is similar to the accused's liberty interest in a criminal proceeding, different procedural rules apply to the two kinds of cases. A legal sufficiency challenge in a civil proceeding may be preserved through a motion for instructed verdict, an objection to the submission of a jury question, a motion for judgment notwithstanding the verdict, a motion to disregard the jury's answer to a vital fact issue, or a motion for new trial. *Cecil v. Smith*, 804 S.W.2d 509, 510–11 (Tex.1991). A claim regarding sufficiency

of the evidence in a criminal case need not be preserved for review at the trial level and is not waived by the failure to do so. *Rankin v. State,* 46 S.W.3d 899, 901 (Tex. Crim.App.2001). In a civil case, a motion for new trial is a prerequisite to an appellate challenge to the factual sufficiency of the evidence to support a jury finding. TEX.R. CIV. P. 324(b)(2). By contrast, in a criminal case, a motion for new trial is a prerequisite only if necessary to adduce facts not in evidence. TEX.R.APP. P. 21.2. The question is whether the procedure for preserving error that applies in civil cases deprives a parent of due process.

In *A.P.,* the court reasoned, "To terminate parental rights when there is insufficient evidence only because the complaint was not preserved does not adhere to Fourteenth Amendment procedural due process." *A.P.,* 42 S.W.3d at 255 (citing *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599 (1982)). *Santosky,* which concerned a standard of proof for termination proceedings rather than the procedure for preserving error, recognized three distinct factors to be balanced in a termination proceeding: the private interests affected, the risk of error created by the State's chosen procedure, and the countervailing governmental interest supporting the use of the challenged procedure. *Santosky,* 455 U.S. at 754, 102 S.Ct. at 1395, 71 L.Ed.2d at 607. The standard of proof in civil cases involving money can be less stringent than cases involving the deprivation of a liberty interest in one's children or oneself. *Id.,* 455 U.S. at 755–56, 102 S.Ct. at 1395–96, 71 L.Ed.2d at 607–08. "In parental termination proceedings, the private interest affected is commanding; the risk of error from using a preponderance standard is substantial; and the countervailing governmental interest favoring that standard is comparatively slight." *Id.,* 455 U.S. at 758, 102 S.Ct. at 1397, 71 L.Ed.2d at 609.

The Texas procedure for preserving error in civil cases, on the other hand, bears little risk of error. The aggrieved party may obtain relief merely by filing a motion, even after the trial concludes. The State's interest in having rules requiring presentation of such a sufficiency challenge in the trial court is greater than its interest in a particular burden of proof. We are not convinced that the rules of procedure for preserving error in civil cases violate a parent's Fourteenth Amendment due process rights. Accordingly, we join the First, Second, and Thirteenth Courts of Appeals in holding that in a termination of parental rights case a sufficiency challenge must be preserved at the trial level. Issue three is overruled.

■ Issue four contends, "Appellant was deprived of effective assistance of counsel by the failure of her trial counsel to preserve a record of the voir dire and jury selection; preserve a record of closing arguments and the charge; failure to inform Appellant of her Appeal rights; failure to pursue a post trial motions, including an appeal in violation of the Sixth amendment (sic) to the United States Constitution, and Article 1, Section 10 of the Texas Constitution."

First, we must recall that two of the three constitutional provisions upon which Strickland relies are by their express terms limited to criminal proceedings. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; compare U.S. CONST. amend. XIV. Second, if the standard of review for criminal cases applied, Strickland could not meet either prong of the test applicable to effective assistance in criminal cases because the record is silent both as the reasons for counsel's actions and what would have been shown by the facts not adduced in the record. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80

L.Ed.2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999); *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App.1996).

■ Strickland recognizes that we have previously addressed and rejected her argument that she can bring a claim of ineffective assistance of counsel based upon the right to counsel for an indigent parent granted by Section 107.013 of the Texas Family Code. *In the Interest of B.B.*, 971 S.W.2d 160, 172 (Tex.App.—Beaumont 1998, pet. denied). The Second, Third, Fifth, Eleventh, and Twelfth Courts of Appeals have likewise rejected Strickland's arguments. *See In the Interest of A.R.R.*, 61 S.W.3d 691 (Tex.App.—Fort Worth 2001, pet. filed); *Arteaga v. Tex. Dep't of Protective and Regulatory Servs.*, 924 S.W.2d 756, 762 (Tex.App.—Austin 1996, writ denied); *In the Interest of J.F.*, 888 S.W.2d 140, 143 (Tex.App.—Tyler 1994, no writ); *Posner v. Dallas County Child Welfare*, 784 S.W.2d 585, 588 (Tex.App.—Eastland 1990, writ denied); *Howell v. Dallas County Child Welfare Unit*, 710 S.W.2d 729, 734–35 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). The appellant relies upon opinions from the First and Tenth Courts of Appeals, which hold that the statutory grant of counsel for indigent parents conferred a right to a reversal of the termination decree for ineffective assistance of counsel commensurate with the Sixth Amendment right to effective counsel in criminal cases. *See In the Interest of A.V.*, 57 S.W.3d 51, 57 (Tex.App.—Waco 2001, no pet.); *In the Interest of B.L.D.*, 56 S.W.3d 203, 211–12 (Tex.App.—Waco 2001, no pet.); *In the Interest of J.M.S.*, 43 S.W.3d 60, 63 (Tex.App.—Houston [1st Dist.] 2001, no pet.). These opinions attempt to "harmonize" civil and criminal jurisprudence. *Id.* These opinions issued after *Interest of B.B.*, but before the Court of Criminal Appeals decided *Ex parte Graves*, 70 S.W.3d 103 (Tex.Crim.App. 2002). *Graves* is a death penalty case in which the Court rejected the applicant's argument that the statutory grant of a right to "competent counsel" in Article 11.071 of the Texas Code of Criminal Procedure meant that counsel's performance must be constitutionally effective. *Id.* Issue four is overruled. The judgment of the trial court is affirmed.

AFFIRMED.

BURGESS, Justice, concurring.

I concur in the result. However, I differ with the majority on two issues; the requirement for the preservation of error regarding the sufficiency of the evidence (issue three) and the right to effective assistance of counsel (issue four).

### Preservation of Error

The majority follows the First, Second and Thirteenth Courts of Appeals and holds that legal and factual sufficiency may not be raised unless properly preserved. I would follow the Tenth Court of Appeals' rationale in *In the Interest of A.P.*, 42 S.W.3d 248, 254–56 (Tex.App.—Waco 2001, pet. filed); *see also In the Interest of A.V.*, 57 S.W.3d 51, 58 (Tex.App.—Waco 2001, pet. filed); *In the Interest of S.R.M.*, 601 S.W.2d 766, 769–70 (Tex.Civ.App.—Amarillo 1980, no writ).

### Sufficiency of the Evidence

The jury was instructed that for appellant's parental rights to be terminated, they must find by clear and convincing evidence that appellant:

1. knowingly placed or knowingly allowed [the children] to remain in conditions or surroundings which endanger the physical or emotional well-being of the child(ren); [§ 161.001(1)(D), Tex. Fam. Code], or

2. engaged in conduct or knowingly placed [the children] with persons who engaged in conduct which endangers the physical or emotional well-being of the child(ren); [§ 161.001(1)(E), Tex. Fam. Code], or

3. constructively abandoned [the children] who has been in the permanent or temporary managing conservatorship of the Department of Protective and Regulatory Services or an authorized agency for not less than six months and (1) the Department or authorized agency has made reasonable efforts to return [the children] to the parent; (2) the parent has not regularly visited or maintained significant contact with [the children]; and (3) the parent has demonstrated an inability to provide [the children] with a safe environment; [§ 161.001(1)(N), Tex. Fam.Code], or

4. failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of [the children] who [has/have] been in the permanent or temporary managing conservatorship of the Department of Protective and Regulatory Services for not less than nine months as a result of the child(ren)'s removal from the parent under Chapter 262 for the abuse or neglect of the child(ren), [§ 161.001(1)(O) Tex. Fam.Code], or

5. refused to submit to a reasonable and lawful order of a court under Subchapter D, Chapter 261; (§ 161.001(I), Tex. Fam.Code), and

In addition to any one of the above grounds, for parental rights to be terminated in this case it must be proved by clear and convincing evidence that termination of parental rights would be in the best interest of the children.

Utilizing the appropriate standards for both legal and factual sufficiency, the rec-

ord contains ample evidence to sustain at least one, if not all, of the grounds presented to the jury.[1] Therefore, I concur in overruling issue three.

### Right to Effective Assistance of Counsel

As noted in the majority opinion, this court in *In the Interest of B.B.*, 971 S.W.2d 160, 172 (Tex.App.—Beaumont 1998, pet. denied), refused to extend the right to effective assistance of counsel to a parent in a termination of parental rights' proceeding. Likewise, the Fort Worth, Austin, Dallas, Eastland and Tyler Courts of Appeals have also refused. On the other hand, the Houston (1st) and Waco Courts of Appeals have held that parents have a procedural due-process right to effective assistance of counsel. Two other courts, Corpus Christi and Amarillo, have reviewed the actions of counsel without deciding the issue of whether a parent is entitled to receive effective assistance of counsel at a termination hearing. *See In re I.V.*, 61 S.W.3d 789, 799 (Tex.App.—Corpus Christi 2001, no pet.); *In the Interest of A.W.T.*, 61 S.W.3d 87, 89–90 (Tex. App.—Amarillo 2001, no pet.).

After reviewing the issue under the Fourteenth Amendment analysis, I am convinced the Waco and Houston (1st) Courts have the better reasoning. Therefore, I would overrule *In the Interest of B.B.*, 971 S.W.2d at 172, and consider the issue. In the alternative, we should follow the "hedge" of the Corpus Christi and Amarillo courts and consider the issue.

### Counsel's Performance

Appellant alleges her counsel was deficient in several instances. Utilizing the appropriate standard of review, and as the majority notes, appellant can not meet the test to show ineffective assistance of coun-

---

**1.** This being a concurrence, a recitation of the evidence is not necessary.

sel. Therefore, I concur in the overruling of issue four and the judgment.

