NO. 07-06-0064-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 6, 2006

_____

IN RE ARTHUR AGUILAR, JR., RELATOR

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**ORDER DENYING PETITION FOR MANDAMUS**
**AND MOTION TO STAY THE UNDERLYING PROCEEDING**

By this original proceeding, relator Arthur Aguilar, Jr. seeks a writ of mandamus to compel the Honorable Felix Klein to rescind the temporary order of December 20, 2005, naming the Texas Department of Family and Protective Services temporary managing conservator of the minor child of relator and real party in interest Kami Eady.[1] After a hearing on relator's motion to modify temporary orders and for extraordinary relief, Judge Gleason signed the December 20 order based on results of a hair follicle test indicating the presence of methamphetamine in the child at a level more than ten times the threshold

_____

[1]The order was signed by the Honorable David L. Gleason, Senior District Judge, who has since been recused.

amount of an adult. The order recites that the trial court did not have conclusive evidence of the source of the methamphetamine and found the child's physical health was endangered. Although the order provides for the Department to fully investigate the circumstances of the child's exposure to methamphetamine and advise the Court concerning the child's welfare, the record does not indicate if a report has been provided of the results of the investigation.

Following Judge Gleason's recusal and appointment of Judge Klein, on February 8, 2006, relator filed a motion before Judge Klein seeking to rescind the December 20 order. However, according to the record before us, no hearing was held nor order rendered on that motion. Following the filing of this petition, the Department filed an original petition for protection of the child, for conservatorship, and for termination of the parent/child relationship. The Department's petition prompted relator to file a motion to stay the underlying proceedings.

Relator presents seven issues not necessarily relevant to a mandamus proceeding.[2] The source of the child's exposure to methamphetamine is a fact question that cannot be determined by a mandamus proceeding. *See* Brady v. Fourteenth Court of Appeals, 795

---

[2]Relator contends the trial court testified in violation of Rule 605 of the Texas Rules of Evidence. Rule 605 is implicated when a trial judge steps down from the bench and becomes a witness. *See* Hensarling v. State, 829 S.W.2d 168, 171 (Tex.Cr.App. 1992). There is nothing in this record to indicate Judge Gleason became a witness. Additionally, comments from a trial judge constitute ordinary trial error that must be preserved for appellate review. *See* In re M.S., 73 S.W.3d 537, 539-40 (Tex.App.–Beaumont 2002), *rev'd on other grounds,* 115 S.W.3d 534 (Tex. 2003).

2

S.W.2d 712, 714 (Tex. 1990). Additionally, when a motion is properly pending before a trial court, the act of considering and ruling upon it is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992). However, before relator may be entitled to mandamus relief, he must provide a sufficient record to show the motion was presented to the trial court and it refused to act. In re Villarreal, 96 S.W.3d 708, 710 n.2 (Tex.App.–Amarillo 2003, orig. proceeding). The record does not reflect whether Judge Klein has been advised of the relief sought nor whether he has declined to set a hearing on relator's motion to rescind the December 20 order. Accordingly, relator's petition for writ of mandamus and motion to stay the underlying proceeding are denied.

It is so ordered.

Per Curiam