

# IN THE
# TENTH COURT OF APPEALS

—————————

## No. 10-11-00276-CV

## IN THE INTEREST OF L.M., A.M., AND N.H., CHILDREN

—————————

**From the 361st District Court
Brazos County, Texas
Trial Court No. 10-001380-CV-361**

## MEMORANDUM OPINION

L.S.K. appeals from a judgment that terminates her parental rights to her three children, L.M., A.M., and N.H. TEX. FAM. CODE ANN. § 161.001 (West 2011). L.S.K. complains that the trial court abused its discretion by admitting hearsay evidence of a Texas Department of Family and Protective Services supervisor and by failing to conduct a hearing pursuant to section 104.006 of the Family Code prior to admitting hearsay testimony of the children. We affirm the judgment of the trial court.

The Texas Department of Family and Protective Services required L.S.K. to place the children, L.M. and A.M., with a family member. After N.H.'s birth, N.H. was placed with her siblings. The Department ultimately sought termination of L.S.K.'s

parental rights pursuant to section 161.001(D) & (E) of the Family Code.[1]  L.S.K.'s

parental rights were terminated pursuant to a jury's findings supporting the

termination.

*Admission of Evidence*

L.S.K. complains in her first issue that the trial court erred by allowing a

supervisor of the Department to testify regarding the circumstances surrounding the

decision by the Department to remove the children from the possession of L.S.K.  L.S.K.

complains that the testimony constituted hearsay and should have been excluded.[2]   In

this appeal, L.S.K. does not challenge the sufficiency of the evidence to support the

judgment of termination, but contends that the improper testimony given by a

supervisor of the Department relating to the background of the Department's

involvement with L.S.K. was both inadmissible and harmful.

*Standard of Review*

We review a trial court's decision to admit or exclude evidence for an abuse of

discretion.  *Whirlpool Corp. v. Camacho*, 298 S.W.3d 631, 638 (Tex. 2009).  We uphold the

---

[1] The parental rights of the fathers of L.M., A.M., and N.H. were also terminated; however, those terminations were not appealed and are not before us.

[2] To the degree that L.S.K.'s issue references Rule 403 of the Texas Rules of Evidence, we will not address the merits of that issue because it was not raised in L.S.K.'s statement of points of error on appeal.  At the time the trial court rendered its final order, former section 263.405(i) of the Family Code provided that "[t]he appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial."  Act of May 12, 2005, 79th Leg., R.S., ch. 176, § 1, 2005 Tex. Gen. Laws 332, 332, *repealed by* Act of May 5, 2011, 82nd Leg., R.S., ch. 75, § 5, 2011 Tex. Gen. Laws 348, 349.

trial court's evidentiary ruling if the record contains any reasonable basis for it. *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010) (*citing Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 51-52 (Tex. 2002) (per curiam)).

*The Supervisor's Testimony*

The supervisor testified that the Department was involved with L.S.K. through Family Based Safety Services (FBSS) based on several allegations of neglect and abuse of the children, as well as issues in the home relating to unsanitary conditions, poor hygiene, and domestic violence. Services were provided to L.S.K. for approximately six weeks until L.S.K. relocated out of state with relatives. She returned to Texas after approximately two months, when she was hospitalized following an altercation with her boyfriend's sister, with whom she was residing. L.S.K. was provided services again through FBSS for approximately five months until another referral was received of neglect and L.S.K.'s continued contact with the father of N.H., who was not supposed to be around the children. Over this entire time, the children would be filthy and the schools and day care would wash or provide clothing and aid with hygiene. The oldest two children were not appropriately potty-trained for their ages, wearing pull-ups at ages four and five which would often be soiled. The youngest child would have diapers on that were soaked entirely through. The children were ultimately voluntarily placed with L.S.K.'s father and step-mother. After this placement, L.S.K. reconciled with N.H.'s father who assaulted her on at least two occasions within a two week span

approximately two months after the children were placed outside of L.S.K.'s care. L.S.K. knew of N.H.'s father's violent history and tendencies yet did not perceive that the violence perpetrated against her was improper.

*Analysis*

We note that L.S.K. presents only one citation to case authority in support of her position and limited references to the record in support of her position. L.S.K.'s sole reference to case authority is to distinguish a case presented by the Department during the trial. *See Posner v. Dallas County Child Welfare Unit of Texas Dept. of Human Services*, 784 S.W.2d 585, 587 (Tex. App.—Eastland 2009, pet. ref'd.). L.S.K.'s brief does not specify the substance of the testimony she finds objectionable nor does she establish how that evidence harmed her, i.e. probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1. The evidence relating to the reasons for the removal were actually reiterated with greater specificity without objection during testimony given by a FBSS caseworker and other witnesses, as well as by L.S.K. herself. The general rule is that error in the admission of evidence is deemed harmless and is waived if the objecting party subsequently permits the same or similar evidence to be introduced without objection. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004). We overrule issue one.

*Admission of Statement of Child*

In her second issue, L.S.K. complains that the trial court erred by allowing the Department's supervisor and the guardian ad litem to testify regarding statements made by L.M. without conducting hearings pursuant to section 104.006 of the Family Code. *See* TEX. FAM. CODE ANN. § 104.006 (West 2011). Other than citing to section 104.006 and a general citation to the standard of review for abuse of discretion, L.S.K. cites no case authority in support of this argument. Section 104.006 of the Family Code sets forth requirements for the trial court to determine whether a child's statement is admissible through another witness in certain circumstances. *See* TEX. FAM. CODE ANN. § 104.006 (West 2011).

At trial, the objections by L.S.K. to the testimony were solely on the basis of hearsay. Nothing in the record indicates that the trial court was ever requested to conduct a hearing pursuant to section 104.006. In order to preserve this complaint for appeal, L.S.K. was required to present her request to the trial court and to seek a ruling on that request. Having failed to do so, this complaint was waived. *See* TEX. R. APP. P. 33.1(a). We overrule issue two.

*Conclusion*

Finding no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed April 4, 2012
[CV06]