Order entered October 10, 2014



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01123-CV

### IN THE INTEREST OF A.B., ET AL., CHILDREN

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 13-197-X-305th**

## ORDER

This is an accelerated appeal from an order in suit affecting parent-child relationship and appointing permanent managing conservator. *See* TEX. R. APP. P. 28.4. By order signed June 18, 2013, the trial court appointed Dennis R. Croman attorney ad litem for appellant Father, who is indigent. Stating Father no longer wishes to be represented by counsel, Mr. Croman has filed a motion for withdrawal of counsel. Pursuant to Texas Family Code section 107.016(2), we refer the motion to the trial court. *See* TEX. FAM. CODE ANN. § 107.016(2) (West 2014).

We **ORDER** the trial court to conduct a hearing **no later than October 20, 2014,** to determine first whether Father desires to prosecute the appeal. If Father desires to prosecute the appeal, the trial court shall then determine whether good cause exists to allow Mr. Croman to withdraw. *See id.* If the trial court determines good cause exists to allow Mr. Croman to withdraw, the trial court shall determine whether Father desires to be represented by appointed counsel. If Father desires to be represented by appointed counsel, the trial court shall appoint

new counsel. If Father does not desire to be represented by counsel, the trial court shall advise Father of the dangers and disadvantages of self-representation. *See Faretta v. California*, 422 U.S. 806, 835 (1975); *In re C.L.S.*, 403 S.W.3d 15, 21 (Tex. App.-–Houston [1st Dist.] 2012, pet. denied). The trial court shall also advise Father that he does not have a due process right to hybrid representation. *See Smith v. Smith*, 22 S.W.3d 140, 153 (Tex. App.-–Houston [14th Dist.] 2000, no pet.) (op. on reh'g); *Posner v. Dallas Cnty. Child Welfare Unit of Tex. Dep't of Human Servs.* 784 S.W.2d 585, 588 (Tex. App.-–Eastland 1990, writ denied). Because the reporter's record has not been filed, if the trial court determines Father desires to prosecute the appeal, the trial court shall also determine whether Father has requested the reporter's record. If Father has requested the record, the trial court shall direct the official or deputy reporter to immediately commence the preparation of the record. *See* TEX. R. APP. P. 28.4(b)(1). As Father was determined to be indigent prior to trial, he is presumed to remain indigent for the duration of the appeal and may proceed without advance payment of costs. *See id.* 20.1(a)(3).

We **ORDER** the trial court to make written findings of fact on each of the above-identified issues. We further **ORDER** Pamela Sumler, Official Court Reporter for the 305th Judicial District Court, to file a reporter's record of the hearing on Mr. Croman's motion to withdraw and **ORDER** Gary Fitzsimmons to file a supplemental clerk's record containing the trial court's findings, any supporting documentation, and orders to this Court **no later than October 22, 2014**.

We **DIRECT** the Clerk of the Court to transmit a copy of this order to Honorable Cheryl Shannon, Presiding Judge of the 305th Judicial District Court; Ms. Sumler; Mr. Fitzsimmons; counsel for the parties; and Father, at the address provided by Mr. Croman in his motion to withdraw.

We **ABATE** the appeal to allow the trial court to comply with this order.  It shall be reinstated October 24, 2014 or when the requested record is received, whichever is earlier.


/s/     ADA BROWN
JUSTICE