

# Fourth Court of Appeals
## San Antonio, Texas

June 14, 2016

No. 04-15-00808-CV

**IN THE INTEREST OF S.L.S., S.S., S.L.S., CHILDREN,**

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2012-CVL-000402-D4
Honorable Oscar J. Hale, Jr., Judge Presiding

# O R D E R

Sitting:     Karen Angelini, Justice
             Marialyn Barnard, Justice
             Luz Elena D. Chapa, Justice

On June 6, 2016, appellant filed a pro se motion to "remove/withdraw and replace" his appointed appellate counsel. Appellant alleged there was a breakdown in communications with counsel. He also alleged counsel informed him that once a decision is reached by this court, "he is, at that point 'off' the case." Our records do not reflect that appellant's appointed counsel has been relieved of his duties or replaced by another attorney. Therefore, appellant's appointed appellate counsel "continues to serve in that capacity" until the date all appeals, including a petition for review to the Supreme Court of Texas, are exhausted or waived. *See* Tex. Fam. Code § 107.016(2); *In re P.M.*, — S.W.3d —, No. 15-0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016) (per curiam) (holding that an indigent appellant's right to appointed counsel in parental-rights termination cases includes all appellate proceedings). Texas law does not provide for hybrid representation enabling both a party and his attorney to file motions. *See Posner v. Dallas Cnty. Child Welfare*, 784 S.W.2d 585, 588 (Tex. App.—Eastland 1990, writ denied) (per curiam). A pro se motion filed by a party who is represented by counsel presents nothing for our review. *See id.* Because appellant's appointed counsel is still serving in that capacity, appellant's pro se motion to substitute counsel presents nothing for our review. *See id.* We therefore deny appellant's pro se motion. *See also Elder v. Tex. Dep't of Family & Protective Servs.*, No. 03-10-00876-CV, 2011 WL 4424299, at *4 (Tex. App.—Austin Sept. 20, 2011, no pet.) (mem. op.) (holding an indigent appellant in a parental-rights termination case does not have the right to appointed counsel of his or her own choosing).

_____
Luz Elena D. Chapa, Justice

      IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 14th day of June, 2016.



_____
Keith E. Hottle
Clerk of Court