

# Fourth Court of Appeals
## San Antonio, Texas

June 28, 2016

No. 04-15-00808-CV

**IN THE INTEREST OF S.L.S.**, S.S., S.L.S., Children,

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2012-CVL-000402-D4
Honorable Oscar J. Hale, Jr., Judge Presiding

# O R D E R

Appellant has filed a pro se motion requesting that we send him his case information. Our records do not reflect that appellant's appointed counsel has been relieved of his duties or replaced by another attorney. Therefore, appellant's appointed appellate counsel "continues to serve in that capacity" until the date all appeals, including a petition for review to the Supreme Court of Texas, are exhausted or waived. *See* TEX. FAM. CODE § 107.016(2); *In re P.M.*, — S.W.3d —, No. 15-0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016) (per curiam) (holding that an indigent appellant's right to appointed counsel in parental rights termination cases includes all appellate proceedings). Texas law does not provide for hybrid representation enabling both a party and his attorney to file motions. *See Posner v. Dallas Cnty. Child Welfare*, 784 S.W.2d 585, 588 (Tex. App.—Eastland 1990, writ denied) (per curiam). A pro se motion filed by a party who is represented by counsel presents nothing for our review. *See id.* Because appellant's appointed counsel is still serving in that capacity, appellant's counsel must keep him "reasonably informed about the status of a matter and promptly comply with reasonable requests for information." *See* TEX. DISC. R. PROF. CONDUCT 1.03. But because appellant's pro se motion presents nothing for our review, we deny appellant's pro se motion. *See id.*

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 28th day of June, 2016.

_____
Keith E. Hottle
Clerk of Court